Eugene C. SMALLS, Plaintiff–
Appellant,

v.

UNITED STATES, Gordon R. England, Secretary of the Navy, Department of the Navy, Navy Board for Correction of Military Records, Department of Veterans Affairs, Medical and Regional Office, Honolulu, Hawaii, United States Marine Corps, Medical Board Region, Medical Clinic, Kaneohe Bay, Honolulu, Hawaii, and Central Physical Evaluation Board, Defendants–Appellees.

No. 03–1340.

United States Court of Appeals,
Federal Circuit.

Jan. 14, 2004.

Before MAYER, Chief Judge,
GAJARSA, and LINN, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

The United States et al. (United States) move for summary affirmance of the December 15, 2000 judgment of the United States District Court for the District of Hawaii, No. 98–CV–908. Eugene C. Smalls opposes.[1] We consider whether we should vacate the district court's judgment and remand for dismissal of Small's complaint.

Smalls served in the United States Marine Corps from June 29, 1978 to December 4, 1980. Smalls unsuccessfully sought correction of his service records from the Board for Correction of Naval Records (BCNR) on several occasions between 1986 and 1992. On November 12, 1998, Smalls filed a complaint seeking review of the BCNR's denial of his request for correction of his service records. The district court denied the United States' motion to dismiss Smalls' complaint as time-barred by the statute of limitations. Subsequently, the district court affirmed the BCNR decision on the merits. Smalls appealed to the United States Court of Appeals for the Ninth Circuit, which transferred the appeal to this court.

The United States moves for summary affirmance of the district court's judgment on the alternate ground that Smalls' complaint was untimely filed pursuant to *Mar-*

---

1. Smalls' motion for an extension of time to file his opposition is granted.

168

*tinez v. United States*, 333 F.3d 1295 (Fed. Cir.2003) (en banc), which was decided after the district court's decision. In *Martinez*, we held that an action for back pay in military pay cases accrues at the time of the plaintiff's discharge from the service and not from the time of a correction board's decision. The United States argues that because Smalls did not file his complaint within six years of the date of his discharge, his complaint was untimely.

Smalls argues that *Martinez* is distinguishable because in *Martinez*, "back pay was the central issue and the other issues were merely ancillary to the monetary claims.... This is distinguished from the instant case, in that here the central issue is the Correction Board's failure to correct the military record with any monetary considerations being ancillary to that of correction of the record." Smalls argues that the statute of limitations begins to run on the date of the final decision of the corrections board, not the date of his discharge from the service. Smalls states that, if the court does not agree with him that his case is distinguishable from *Martinez*, then he requests that the court transfer his appeal back to the Ninth Circuit.

Smalls' argument concerning the time at which the statute of limitations begins to run was rejected by the court in *Martinez*. *See Martinez*, 333 F.3d at 1310–12. We agree with the United States that, in light of *Martinez*, Smalls' complaint was untimely and should have been dismissed. Because the Ninth Circuit lacks jurisdiction over Smalls' appeal, we decline to transfer.[2]

Accordingly,

---

**2.** To the extent that Smalls argues that the court should transfer because he does not seek monetary damages and thus his case does not arise under the Little Tucker Act, we disagree. Smalls' case is distinguishable from *Bowen v. Massachusetts*, 487 U.S. 879,

IT IS ORDERED THAT:

(1) The district court's December 15, 2000 judgment is vacated and the case is remanded to the United States District Court for the District of Hawaii. The district court is directed to dismiss the complaint for lack of jurisdiction.

(2) The United States' motion for summary affirmance is moot.

(3) Each side shall bear its own costs.

108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) because, unlike *Bowen*, in this case there is no ongoing relationship between Smalls and the United States. *See Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787–88 (Fed.Cir.1998).