NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2008-1260

NICHOLAS C. GEORGALIS,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Nicholas C. Georgalis, of Independence, Ohio, pro se.

Sydney O. Johnson, Jr., United States Patent & Trademark Office, of Arlington, Virginia, for defendant-appellee.  With him on the brief were Joseph G. Piccolo and Janet A. Gongola, Associate Solicitors.

Appealed from:  United States District Court for the Northern District of Ohio

Judge Christopher A. Boyko

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1260

NICHOLAS C. GEORGALIS,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Appeal from the United States District Court for the Northern District of Ohio in case no. 1:06-CV-1183, Judge Christopher A. Boyko.

_____

DECIDED: October 7, 2008

_____

Before RADER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant Nicholas C. Georgalis appeals a decision of the United States District Court for the Northern District of Ohio granting summary judgment in favor of the United States Patent and Trademark Office ("USPTO"). Georgalis v. U.S. Patent & Trademark Office, No. 1:06-CV-1183 (N.D. Ohio Oct. 10, 2007) ("Summary Judgment Order"). For the following reasons, we affirm-in-part, vacate-in-part, and remand-in-part.

BACKGROUND

On April 26, 1988, the USPTO issued U.S. Patent No. 4,740,967 ("the '967 patent") to Georgalis. After timely paying the first maintenance fee due for the '967

patent, Georgalis failed to pay the patent's second maintenance fee. See 35 U.S.C. § 41(b) (requiring payment of a maintenance fee at 3.5 years, at 7.5 years, and at 11.5 years). Consequently, the '967 patent expired by operation of law on April 26, 1996. See id. ("Unless payment of the applicable maintenance fee is received in the Patent and Trademark Office on or before the date the fee is due or within a grace period of 6 months thereafter, the patent will expire as of the end of such grace period.").

Approximately eight years later, in October 2004, Georgalis petitioned the USPTO to reinstate his expired patent. The USPTO denied this petition, finding that Georgalis did not show that his failure to pay the second maintenance fee was unavoidable. See 35 U.S.C. § 41(c)(1) (requiring a showing of unavoidability to reinstate an expired patent after a lapse of more than twenty-four months). Georgalis requested reconsideration, but the USPTO again found that Georgalis's delay "cannot be regarded as unavoidable within the meaning of 35 U.S.C. § 41(c)(1)." Summary Judgment Order at 2 (quoting the USPTO's reconsideration decision). Georgalis did not pursue an appeal of that decision.

Instead, in 2006, Georgalis filed a separate lawsuit in the Northern District of Ohio against the USPTO. His complaint alleged: (1) an unconstitutional taking without just compensation; (2) that the patent maintenance fee system is unconstitutional; and (3) that the patent maintenance fee reinstatement process is an unconstitutional bill of attainder. Id. After the parties filed cross-motions for summary judgment, the district court entered summary judgment in favor of the USPTO, ruling that there was no genuine issue of material fact on any of Georgalis's claims and that the USPTO is entitled to judgment as a matter of law. Id. at 3-9.

Georgalis appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

A

On appeal, the USPTO argues that Georgalis's claims are time-barred by 28 U.S.C. § 2401(a). This statute of limitations requires "every civil action commenced against the United States [to] be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). The district court declined to address this argument, finding instead that the USPTO was entitled to summary judgment on the merits. Summary Judgment Order at 4, fn.1.

After the district court rendered its decision, however, the Supreme Court ruled that a court must address a jurisdictional statute of limitations. John R. Sand & Gravel Co. v. United States, 128 S.Ct. 750, 752-54 (2008). Specifically, John R. Sand & Gravel addressed the United States Court of Federal Claims' statute of limitations, found at 28 U.S.C. § 2501. Id. at 754-55. While we are presented with a different statute in this case—§ 2401 rather than § 2501—we conclude that the Supreme Court's rationale applies with equal force because both are "jurisdictional" statutes of limitations. See id. at 753 (noting that statutes "limiting the scope of a governmental waiver of sovereign immunity" are jurisdictional in nature); Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987) ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity . . . ."). Accordingly, we must first determine whether the district court possessed jurisdiction to adjudicate Georgalis's claims.

The parties agree that the '967 patent expired in 1996 pursuant to 35 U.S.C. § 41(b) because Georgalis failed to pay the second maintenance fee. Therefore, any claim based on the expiration of Georgalis's patent—i.e., any challenge to § 41(b)—first accrued in 1996. Because Georgalis waited approximately ten years (until 2006) to file the instant lawsuit, these claims are time-barred under § 2401(a). Accordingly, the district court lacked jurisdiction to hear Georgalis's challenges to § 41(b), including his assertions that the patent's expiration was a taking without just compensation and that § 41(b) is unconstitutional.

B

In an effort to escape the six-year statute of limitations, it appears that Georgalis attempts to recast some of his arguments as a challenge to the patent reinstatement process provided by 35 U.S.C. § 41(c)(1). While Georgalis may be correct that the district court had jurisdiction over the challenges to § 41(c)(1), we conclude that the district court correctly decided that the USPTO is entitled to summary judgment on these claims.

First, Georgalis argues that the USPTO's denial of his request to reinstate the patent was an unconstitutional taking without just compensation in violation of the Takings Clause of the Fifth Amendment of the Constitution. Because Georgalis cannot (and, in the Reply Brief, does not) challenge the expiration of his patent pursuant to § 41(b), this argument boils down to an assertion that the government's failure to give him back the patent is a taking without just compensation. This argument is simply without merit. The Takings Clause "prohibits the government from taking private property for public use without just compensation." Palazzolo v. Rhode Island, 533 U.S.

606, 617 (2001) (emphasis added). It contains no requirement that the government give property to individuals.

Second, Georgalis contends that the maintenance fee reinstatement process in § 41(c)(1) is unconstitutional because it thwarts the Patent Clause of the Constitution.[1] The substance of Georgalis's argument, however, is directed only to the alleged unconstitutionality of maintenance fees, which are prescribed by § 41(b), and not the constitutionality of the patent reinstatement process under § 41(c)(1). See 35 U.S.C. § 41(b) & (c)(1). As noted above, the statute of limitations bars Georgalis's challenge to the constitutionality of maintenance fees, and a mere statement that the patent reinstatement process is unconstitutional does not amount to a reviewable argument. See SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991))).

Finally, Georgalis asserts that the patent "maintenance fee reinstatement process is an unconstitutional bill of attainder." A bill of attainder is a legislative act which inflicts guilt and punishment on a class of individuals without the protections of a judicial trial. United States v. Brown, 381 U.S. 437, 447 (1965). While Georgalis argues that the patent reinstatement process in § 41(c)(1) is a bill of attainder, this statutory provision does not contain any punishment, much less one of the punishments prohibited by the bill of attainder clause. See Nixon v. Adm'r of Gen. Servs., 433 U.S.

---

[1] The Patent Clause provides that Congress shall have the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const., Art. I, § 8, cl. 8.

425, 474 (1977) (identifying prohibited punishments as "imprisonment, banishment, and the punitive confiscation of property by the sovereign" in addition to "a legislative enactment barring designated individuals or groups from participation in specified employments or vocations" (footnotes omitted)). Accordingly, this argument also has no merit.

## CONCLUSION

In sum, we affirm the district court's decision to grant summary judgment in favor of the USPTO on Georgalis's claims that 35 U.S.C. § 41(c) is unconstitutional and effected a taking without just compensation. We vacate the portion of the district court's opinion granting summary judgment in favor of the USPTO on Georgalis's claims that 35 U.S.C. § 41(b) is unconstitutional and effected a taking without just compensation, and we remand with instructions to dismiss Georgalis's claims challenging § 41(b) for lack of jurisdiction.

## COSTS

Each party shall bear its own costs.