NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5089

MARVIN CHISOLM,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Marvin Chisolm, of Marietta, Georgia, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Victor J. Wolski

# United States Court of Appeals for the Federal Circuit

2008-5089

MARVIN CHISOLM,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case 07-cv-505, Judge Victor J. Wolski.

———————————————

DECIDED: November 6, 2008

———————————————

Before MICHEL, Chief Judge, LINN, Circuit Judge, and WARE,[*] District Judge.

PER CURIAM.

Marvin Chisolm ("Chisolm") appeals from a judgment of the United States Court of Federal Claims dismissing his claims for lack of subject matter jurisdiction. Chisolm v. United States, 82 Fed. Cl. 185 (2008). Because the trial court correctly concluded that Chisolm's claims were barred by the statute of limitations, we affirm.

BACKGROUND

Chisolm was a staff sergeant in the United States Army when he received an unfavorable Noncommissioned Officer Evaluation Report in October 1989. This report, Chisolm contends, was both unjustified and the reason why he was later denied

---

[*]     Honorable James Ware, District Judge, United States District Court for the Northern District of California, sitting by designation.

promotion to the rank of sergeant first class in April 1990. While still in the military, Chisolm appealed the evaluation report to the Commander of the Army Enlisted Records and Evaluation Center, who denied the appeal on October 18, 1990. Chisolm remained at the rank of staff sergeant until he was honorably discharged on March 31, 1996.

Following his discharge, Chisolm submitted three applications to the Army Board for Correction of Military Records ("Correction Board") requesting, among other things, a retroactive promotion to sergeant first class, as well as back pay that he would have received at the higher rank. His first application to the Correction Board was filed on March 29, 1998 and denied on November 30, 1998; his second was filed on March 13, 2002 and denied on June 19, 2002; and his third was filed on January 8, 2003 and denied on August 26, 2003.[1] Between October 2003 and February 2006, Chisolm wrote several letters to his United States senator, the Deputy Under Secretary of Defense for Program Integration, and the Director of the Correction Board, requesting promotion and back pay. All requests were denied.

On February 21, 2006, Chisolm filed a pro se complaint in federal district court against the Secretary of the Army, seeking unspecified money damages for back pay. The district court dismissed the case as time barred under 28 U.S.C. § 2401(a), which sets a six-year statute of limitations for civil actions against the United States. Chisolm v. Harvey, No. 06-CV-25, 2007 WL 1500266 (S.D. Ga. May 21, 2007).

---

[1]     Chisolm's second and third applications to the Correction Board also included a whistleblower claim under the Military Whistleblower Protection Act, 10 U.S.C. § 1034.

Chisolm instituted the present Tucker Act suit in the Court of Federal Claims on July 6, 2007. His complaint sought over $52,000 in back pay, a correction of his military record, and a retroactive promotion to sergeant first class. The government moved to dismiss based on the preclusive effect of the prior district court ruling or, in the alternative, because the complaint was time barred under 28 U.S.C. § 2501 (setting a six-year statute of limitations for suits filed in the Court of Federal Claims). The Court of Federal Claims dismissed for the latter reason, finding that the statute of limitations began to run no later than April 1, 1996, the day after his honorable discharge. Chisolm, 82 Fed. Cl. at 199.

Chisolm timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

"We review the legal aspects of a determination by the Court of Federal Claims that the appellant's claim was barred by the statute of limitations without deference." Wells v. United States, 420 F.3d 1343, 1345 (Fed. Cir. 2005).

Under 28 U.S.C. § 2501, Chisolm had six years from the date on which his claims first accrued to file suit in the Court of Federal Claims. A claim for military back pay accrues on "the date on which the service member was denied the pay to which he claims entitlement." Martinez v. United States, 333 F.3d 1295, 1314 (Fed. Cir. 2003) (en banc). Here, the trial court determined that Chisolm's back pay claim accrued at some point during his military service, when he allegedly would have been promoted to sergeant first class. But because 50 U.S.C. app. § 526(a) (Supp. V 2005) tolls statues of limitations for service members during their military service, the trial court concluded

that, regardless of the exact accrual date, Chisolm's six-year clock began to run no later than April 1, 1996, the day after he was discharged from the Army. Measured from that date, Chisolm's period for bringing suit expired more than five years before he filed his July 6, 2007 complaint. Chisolm, 82 Fed. Cl. at 199.

On appeal, Chisolm argues, as he did before the trial court, that soldiers did not know that they could bring whistleblower claims to the Correction Board prior to March 29, 2000, when Army Regulation 15-185 was amended to give them notice of this right. This late notice, in Chisolm's view, excuses his failure to allege a whistleblower claim in 1998 when he first applied for administrative relief at the Correction Board. But this contention does not excuse Chisolm's failure to timely assert his back pay claims in the Court of Federal Claims. His claims for back pay accrued when he was first denied promotion, not when the Correction Board later denied his applications for review. See Martinez, 333 F.3d at 1311 (holding that plaintiff's right to seek back pay accrued when he was first deprived of money, not when the Correction Board reaffirmed the Army's initial decision). Moreover, Chisolm cannot avoid the time bar by simply characterizing his back pay claims in the Court of Federal Claims as a review of the Correction Board's decision. Id. at 1312 ("The statute of limitations, however, runs from the date that the cause of action initially accrued, and a new cause of action does not accrue if and when the [agency] denies relief.").

Chisolm also contends that he was required to exhaust all administrative remedies before filing suit in federal court. The Correction Board, however, is a "permissive" administrative remedy, "not a mandatory prerequisite to filing a Tucker Act suit." Id. at 1304. Chisolm had the right to sue immediately upon the accrual of his

claim. He was not required to wait until the Correction Board denied his applications before filing suit. Id. at 1303 ("The service member therefore has the right to sue immediately upon discharge for the funds improperly being withheld."). Moreover, no tolling occurred when Chisolm applied for administrative relief at the Correction Board. Id. at 1304 ("[P]laintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy."). In that same vein, nothing required Chisolm to bring a case in federal district court before filing suit in the Court of Federal Claims, which has exclusive jurisdiction over Chisolm's claim for $52,713 in back pay. See Suburban Mortgage Ass'n, Inc. v. U.S. Dep't of Hous. & Urban Dev., 480 F.3d 1116, 1121 (Fed. Cir. 2007) ("The Tucker Act both waives sovereign immunity for, and grants the Court of Federal Claims exclusive jurisdiction over, actions for money damages of more than $10,000.").

Ultimately, Chisolm was required to file this suit no later than April 1, 2002. Because he did not, we affirm the dismissal of his claims as barred by the statute of limitations.