NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5088

EUGENE C. SMALLS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Eugene C. Smalls</u>, of Largo, Florida, pro se.

<u>Joseph A. Pixley</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were <u>Gregory G. Katsas</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Kirk T. Manhardt</u>, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Lynn J. Bush

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5088

EUGENE C. SMALLS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Case No. 07-715 C, Judge Lynn J. Bush.

_____

DECIDED: November 10, 2008

_____

Before MAYER, LOURIE, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Eugene C. Smalls appeals from the decision of the United States Court of Federal Claims dismissing his amended complaint as barred by the statute of limitations and, in the alternative, dismissing the amended complaint under the doctrine of res judicata. Smalls v. United States, No. 07-715 C (Fed. Cl. June 6, 2008). Because Smalls has not demonstrated that the court committed legal error in its decision, we affirm.

BACKGROUND

Smalls began serving in the United States Marine Corps on active duty on June 28, 1978. Smalls claims that, prior to entering the Marine Corps, he was not suffering from any mental or physical problems. In fact, his entrance medical report indicates that he had no preexisting mental or physical condition. During his service, he was diagnosed with bilateral pes valgo planus and chronic plantar fasciitis, and the Marine Corps medical board accordingly declared him unfit for duty. Smalls was honorably discharged on December 4, 1980 for "physical disability without service pay as existing prior to service and not aggravated by service . . . ."

Following his discharge, between 1986 and 1992, Smalls made several requests to the Board for Correction of Naval Records ("Board") to correct his military records. Smalls requested that his records reflect that he retired because of a physical disability that occurred during his service in the Marine Corps and that he was entitled to disability retirement benefits. The Board denied Smalls' requests, first on June 26, 1986 and, in a final decision, on November 13, 1992. Smalls appealed the Board's decisions to the Secretary of the Navy, who affirmed the decisions on April 11, 1997 and again on January 5, 1998. On May 20, 2005, Smalls requested reconsideration by the Board, submitting new evidence. The executive director of the Board denied his request on June 15, 2005 because the new evidence did not warrant reconsideration as it was not material. Smalls filed numerous other claims before the Board, all requesting the same correction of his military records, and all were denied by the Board's executive director.

Meanwhile, Smalls also pursued his claim in two other district court actions before his filing in the Court of Federal Claims that led to this appeal. As outlined in

detail in the court's opinion, Smalls first filed suit in the District of Hawaii on November 12, 1998, seeking review of the Board's refusal to correct his military records. After a complicated appellate process via the Ninth Circuit Court of Appeals, that case ultimately arrived at this court, and we directed the Hawaii court to dismiss Smalls' amended complaint for lack of jurisdiction as barred by the statute of limitations. Smalls v. United States, 87 Fed. Appx. 167 (Fed. Cir. 2004). We held that Smalls' claim was time-barred because, under Martinez v. United States, 333 F.3d 1295 (Fed. Cir. 2003) (en banc), the six-year statute of limitations in a military pay action for back pay, provided in 28 U.S.C. § 2501, began to run at the time of Smalls' discharge from service, not on the date of the final decision of the Board. We thus held that Smalls' claim accrued on December 4, 1980, and he did not bring suit in the District of Hawaii until November 12, 1998, almost eighteen years later.

Smalls also filed a complaint in the United States District Court for the District of Columbia on December 22, 2003, alleging the same claim. The district court dismissed the complaint on the ground that res judicata barred Smalls' claim. The Court of Appeals for the District of Columbia Circuit affirmed the district court's dismissal.

Smalls eventually filed suit in the Court of Federal Claims on October 4, 2007, asserting new evidence and asking the court to compel the Board to reconsider his application for correction of his military records. The government moved to dismiss based on lack of jurisdiction, arguing that Smalls' claim was barred under the statute of limitations, and based on res judicata. The court dismissed Smalls' amended complaint as barred by the statute of limitations and, in the alternative, under the doctrine of res judicata.

Smalls timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Smalls makes the same arguments that he made before the Court of Federal Claims. He essentially argues that, in his May 2005 motion for reconsideration, he submitted new and material evidence that should have restarted the statute of limitations on his claim. Alternatively, Smalls argues that the executive director's denial of his application for correction is a new final agency action subject to judicial review. Smalls also argues that the executive director is not authorized to make decisions that are reserved for a three-member panel of the Board. Finally, Smalls argues that res judicata cannot bar his claim because it was never decided on the merits.

The government argues that Smalls' claim is time-barred because it accrued on November 13, 1992, when the Board issued its final decision, and Smalls did not file this suit until November 2007, fifteen years later. The government adds that the six-year statute of limitations is not subject to equitable tolling and cannot be restarted based on the newly-submitted evidence because Smalls waited too long to submit the alleged new evidence. Further, the government argues that Smalls' claims are barred by res judicata for the reasons articulated by the trial court. The government also argues that the Court of Federal Claims lacked subject matter jurisdiction to consider any of Smalls' constitutional claims or claims under the Administrative Procedure Act.

We review de novo a dismissal by the Court of Federal Claims for lack of jurisdiction. Wilson v. United States, 405 F.3d 1002, 1008 (Fed. Cir. 2005). A six-year statute of limitations exists for claims against the government brought in the Court of

Federal Claims. 28 U.S.C. § 2501 (2000). That limitation is a jurisdictional requirement that is not subject to equitable tolling or waiver. Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988); John R. Sand & Gravel Co. v. United States, 128 S.Ct. 750 (2008) (affirming that Section 2501 is jurisdictional in nature).

A disability retirement claim under 10 U.S.C. § 1201 accrues, and the statute of limitations begins to run, when "an appropriate military board either finally denies such a claim or refuses to hear it." Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (citation omitted).[1] A petition for reconsideration by the Board does not restart the statute of limitations unless there is a showing of new evidence or changed circumstances. Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 278-79 (1986). However, to restart the statute of limitations, any motion for reconsideration must be made within a reasonable time. Van Allen v. United States, 236 Fed. Appx. 612, 614-15 & n.2 (Fed. Cir. 2007) (agreeing with Court of Federal Claims that a two-year delay in petitioning for reconsideration by the Board "clearly exceeds the short or reasonable period which serves to deprive an administrative decision of finality for statute of limitations purposes") (citing Chambers, 417 F.3d at 1226; Real v. United States, 906 F.2d 1557, 1561-63 (Fed. Cir. 1990); Dayley v. United States, 169 Ct. Cl. 305, 309 (1965)); see Cooley v. United States, 324 F.3d 1297, 1305

---

[1] Although we held in Smalls' Hawaii appeal that, under Martinez, 333 F.3d 1295, Smalls' action for back pay accrued at the time of his discharge from service, our later decision in Chambers requires us to consider Smalls' claim as a disability retirement claim, rather than an action for back pay. Either way, Smalls loses because his complaint in the Court of Federal Claims was filed much too late.

2008-5088

(Fed. Cir. 2003) ("Reconsideration of an agency's decision must arise within a reasonable period of time . . . .").

We agree with the government that the Court of Federal Claims lacked jurisdiction over this case because Smalls' claim was barred by the six-year statute of limitations. The statute cannot be tolled, and it was not restarted by Smalls' submission of new evidence when he filed for reconsideration.

Smalls' claim for correction of his military records accrued in 1992, when the Board finally denied his application. He filed suit in the Court of Federal Claims in 2007, long past the expiration of the statute. The fact that he was pursuing other avenues of appeal does not change that fact. Moreover, his request for reconsideration by the Board was also long past the point of reasonableness and it therefore did not restart the six-year time period for filing suit in the Court of Federal Claims. Because we hold that the Court of Federal Claims lacked jurisdiction, we need not decide whether Smalls' claims are also barred by res judicata.

Accordingly, we affirm the decision of the Court of Federal Claims.