Rickie J. YOUNG, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–442C.

United States Court of Federal Claims.

April 22, 2010.

Rickie J. Young, Stockbridge, GA, pro se.

Jane C. Dempsey, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

SWEENEY, Judge.

In this action, plaintiff Rickie J. Young, appearing *pro se*, seeks to collaterally attack a prior judgment of this court, affirmed on appeal, that his claim for wrongful discharge was barred by the statute of limitations. Defendant moves to dismiss plaintiff's instant complaint based on the doctrine of claim preclusion. Because the prior judgment was not a judgment on the merits, the court finds the doctrine of claim preclusion inapplicable in this case. However, as discussed below, the court lacks jurisdiction over plaintiff's complaint on both issue preclusion and statute of limitations grounds. Accordingly, dismissal is warranted.

### I. BACKGROUND[1]

Prior to 1998, plaintiff was an enlisted member of the United States Army ("Army") who excelled at his work in the food services field, winning culinary competitions and receiving commendations for his achievements. *Young I*, 2007 WL 5171116, at *1. In July 1992, while on active duty, plaintiff was hospitalized and ultimately diagnosed with an "upper G.I. bleed secondary to severe gastritis." *Id.* at *2. Over the following five years, he was treated for abdominal problems on multiple occasions at Army medical treatment facilities, but was never referred to a Medical Evaluation Board by his military physicians. *Id.* During this time period, on May 20, 1994, plaintiff was assigned to the Noncommissioned Officer Academy at Fort Lee, Virginia to attend a food service specialist course. *Id.* One of the course requirements was the Army Physical Fitness Test, a

---

1. In this section, the court provides only a brief recitation of the relevant facts, as derived from the complaint and the exhibits attached to the complaint. The attached exhibits include three rulings from the prior litigation: the dismissal order and the order denying reconsideration issued by the Honorable James F. Merow of the United States Court of Federal Claims ("Court of Federal Claims") and the opinion of the United States Court of Appeals for the Federal Circuit ("Federal Circuit") affirming Judge Merow's dismissal. A more detailed factual recitation can be found in Judge Merow's dismissal order. *See Young v. United States*, No. 06-690C, 2007 WL 5171116 (Fed.Cl. July 31, 2007) ("*Young I*"), *reconsideration denied*, Order (Aug. 30, 2007) ("*Young II*"), *aff'd*, 529 F.3d 1380 (Fed.Cir. 2008) ("*Young III*"), *cert. denied*, ── U.S. ──, 129 S.Ct. 1525, 173 L.Ed.2d 659 (2009) ("*Young IV*").

test that plaintiff had passed after his hospitalization, but before his assignment to Fort Lee, and at least twice after his assignment to Fort Lee. *Id.* However, while assigned to Fort Lee, he failed the test, and as a result, he was "academically relieved" from the food service specialist course. *Id.*

Plaintiff was honorably discharged on April 25, 1998. *Id.* at *1. At the time of his discharge, plaintiff held the rank of sergeant and had served for fourteen years, one month, and four days. *Id.* Plaintiff's discharge was involuntary; despite his excellent service record, he was precluded from reenlisting because he had reached the maximum service time permitted for members of his rank. *Id.*

In November 2002, plaintiff filed a disability claim with the United States Department of Veterans Affairs ("VA"). *Id.* He ultimately obtained a combined thirty-percent disability rating, effective November 22, 2002, for the following service-connected conditions: hiatal hernia, gastritis, esophagitis, and gastroesophageal reflux disease. *Id.* at *1–2. Thereafter, on November 20, 2003, plaintiff submitted an application to the Army Board for Correction of Military Records ("ABCMR"), requesting that his involuntary discharge be changed to a "Disability Separation or Medical Retirement." *Id.* at *2. The ABCMR denied his application on March 29, 2005, and denied his request for reconsideration on May 6, 2004. *Id.* at *2–3.

Plaintiff filed his first complaint in the Court of Federal Claims on October 4, 2006. *Id.* at *3. He alleged that his military physicians had not "properly 'profiled'" him or referred him to a Medical Evaluation Board, and that due to these failures, he was not given the appropriate version of the Army Physical Fitness Test that corresponded to his medical condition during his assignment to Fort Lee. *Id.* at *4. He further asserted that had the Army administered the appropriate version of the test, he would have completed the food service specialist course and been promoted to the next higher rank. *Id.* Such a promotion, he claims, would have allowed him to reenlist and retain his eligibility to retire based on length of service. *Id.;* *see also* 10 U.S.C. § 3914 (1994) (indicating that enlisted members of the Army are eligible to retire after twenty years of creditable service). Plaintiff accordingly sought a correction of his military records to reflect twenty years of creditable service and an award of back pay for the credited service. *Young I,* 2007 WL 5171116, at *4.

The government moved to dismiss plaintiff's complaint, alleging that the relevant statute of limitations barred plaintiff's claim. *Id.* at *3; *see* 28 U.S.C. § 2501 (2000 & Supp. III 2004) ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). In a July 31, 2007 order, Judge Merow, construing plaintiff's claim as one for wrongful discharge, concluded that the claim had accrued on April 25, 1998, the date of plaintiff's discharge. *Young I,* 2007 WL 5171116, at *4 (applying *Martinez v. United States,* 333 F.3d 1295, 1301–05 (Fed. Cir.2003) (en banc)). Because plaintiff filed his complaint more than six years after his claim accrued, Judge Merow held that plaintiff's wrongful discharge claim was barred by the statute of limitations and accordingly dismissed plaintiff's complaint. *Id.* at *4–5.

Plaintiff moved for reconsideration of the dismissal on August 9, 2007. *Young II* at 1. Judge Merow denied plaintiff's motion on August 30, 2007, addressing two issues, equitable tolling and a newly asserted claim:

Plaintiff correctly notes that equitable tolling of 28 U.S.C. § 2501 was not expressly discussed in the July 31, 2007 Order. Defendant's response ... also correctly notes that equitable tolling was discussed in the briefs submitted by the parties. These submissions by the parties were thoroughly considered and it was concluded that plaintiff had not established any viable basis for the application of tolling, if tolling were held to be available with respect to 28 U.S.C. § 2501. No relevant facts were concealed from plaintiff, nor was plaintiff in any way misled by the government with respect to filing a "denied service" claim. Accordingly, judgment was entered giving effect to 28 U.S.C. § 2501.

In his motion for reconsideration, plaintiff for the first time asserts that his claim encompasses the reduction of his Department of Veterans Affairs ("DVA") disability compensation by the amount of the severance pay he received upon his involuntary Army discharge. Reduction in DVA compensation in this situation is accomplished pursuant to 10 U.S.C. § 1174(h)(2). The Court of Federal Claims does not have jurisdiction over any claim concerning this reduction in DVA compensation. *Carlisle v. United States,* 66 Fed.Cl. 627, 633 (2005). A motion for reconsideration of a final judgment is not the time or place to assert a new claim, particularly where the court lacks jurisdiction over the claim.

*Id.* at 1–2 (first citation omitted).

Plaintiff then appealed the dismissal of his complaint to the Federal Circuit, arguing that his wrongful discharge claim did not accrue until November 22, 2002, the effective date of the VA's disability rating. *Young III,* 529 F.3d at 1382, 1384. Plaintiff's argument implicated both the doctrine of equitable tolling and the accrual suspension rule described in *Martinez. Id.* at 1384. The Federal Circuit found neither principle applicable in plaintiff's case. First, it held that the decision of the United States Supreme Court ("Supreme Court") in *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), foreclosed any equitable tolling of 28 U.S.C. § 2501. *Young III,* 529 F.3d at 1384. Second, it concluded that plaintiff could not demonstrate, as required by the accrual suspension rule, "that the defendant ha[d] concealed its acts with the result that plaintiff was unaware of their existence or ... that [his] injury was inherently unknowable at the accrual date." *Id.* at 1384–85 (internal quotation marks omitted). More specifically, it noted:

> It is a plaintiff's knowledge of the facts of the claim that determines the accrual date. Mr. Young knew that he had been treated for abdominal problems repeatedly during his Army service, that he had not been referred to a Medical Evaluation Board, and that failure of promotion led directly to his discharge. There is no suggestion that the Army concealed any fact that might be relevant to his claim that he should not have been discharged.... That he later applied for and received VA disability benefits does not establish that he had inadequate knowledge concerning the reason for his discharge.

*Id.* at 1385 (citations omitted).

Finding neither the doctrine of equitable tolling nor the accrual suspension rule applicable in plaintiff's case, the Federal Circuit concluded that plaintiff's "claim accrued as of the date of his discharge," and was accordingly "time-barred." *Id.* The Federal Circuit thus affirmed Judge Merow's determination of the accrual date, as set forth in the dismissal order, and Judge Merow's rejection of plaintiff's equitable tolling and accrual suspension arguments, as set forth in the order denying reconsideration. *Id.* at 1383–85. Plaintiff sought review of the Federal Circuit's ruling by the Supreme Court, but on March 2, 2009, the Supreme Court declined to hear his appeal. *Young IV,* 129 S.Ct. at 1525.

Four months later, on July 7, 2009, plaintiff filed the instant complaint, asserting that "[t]he primary purpose of this litigation is to challenge the jurisdictional denial of [his] first claim." Compl. 2. In that vein, he contends that none of the courts involved in the prior litigation—*i.e.,* the Court of Federal Claims, the Federal Circuit, and the Supreme Court—addressed a critical issue: whether his claim actually accrued on the date that the VA began to withhold his separation pay from his disability payments by operation of 10 U.S.C. § 1174. *Id.* at 2–8. Plaintiff asserts that section 1174 is a money-mandating statute and that a claim under section 1174 does not accrue until three conditions have been met: (1) entitlement to separation pay; (2) service of three years in the Individual Ready Reserve; and (3) deduction of separation pay from retirement or disability pay. *Id.* at 4. He further asserts that the accrual date for a claim under section 1174 trumps the accrual date for a wrongful discharge claim. *Id.* Thus, plaintiff requests that the court "render a legal interpretation" of section 1174 and "assign the

proper accrual" date for his claim of November 22, 2002. *Id.* at 2; *see also id.* at 8 ("Because the government, by operation of statute[,] deducts his separation pay in order [for plaintiff] to receive compensation for service connected disability benefits, [it] allows plaintiff to challenge his discharge as he was put on inquiry to a claim for military back pay on November 22, 2002.").

■ Defendant moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that the complaint is barred by the doctrine of claim preclusion.[2] The parties have fully briefed defendant's motion. The court deems oral argument unnecessary.

## II. DISCUSSION

### A. Res Judicata

■ Res judicata, as the term is commonly used, encompasses the related concepts of claim preclusion and issue preclusion. *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1323 (Fed.Cir.2008); *Sharp Kabushiki Kaisha v. Thinksharp, Inc.*, 448 F.3d 1368, 1370 (Fed.Cir.2006). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In contrast, "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel." *Id.* (citation omitted). In its motion to dismiss, defendant uses the term res judicata to mean claim preclusion.

### B. Claim Preclusion

■ For claim preclusion to apply, "there must be (1) an identity of parties or their privies, (2) a final judgment on the merits of the prior claim, and (3) the second claim must be based on the same transactional facts as the first and should have been litigated in the prior case." *Sharp Kabushiki Kaisha*, 448 F.3d at 1370 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)); *see also Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) ("[T]he doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876))), *quoted in Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267–68 (Fed.Cir. 2008); *Do–Well Mach. Shop, Inc. v. United States*, 870 F.2d 637, 640 (Fed.Cir.1989) (noting that while a "dismissal on the merits carries *res judicata* effect," a "dismissal for want of jurisdiction does not"). There is no dispute that the parties in the instant case are identical to those in the prior litigation. Nor can it be disputed that the claims in both cases are based on the same transactional facts: plaintiff's failure of an Army Physical Fitness Test and related academic release from the food service specialist course; plaintiff's failure to be promoted and associated ineligibility for reenlistment; plaintiff's receipt of VA disability benefits and the offset of those benefits by his separation pay; and the ABCMR's denial of plaintiff's application for the correction of his military records. However, the parties disagree as to whether

---

**2.** Typically, claim preclusion is asserted as an affirmative defense in an answer. *See* RCFC 8(c)(1) ("In a pleading to a preceding pleading, a party shall set forth affirmatively ... res judicata...."); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("Claim preclusion (res judicata), as Rule 8(c) of the Federal Rules of Civil Procedure makes clear,

is an affirmative defense."). However, because "claim preclusion rests on a final judgment on the merits, it can quite properly and naturally be raised via a merits-based RCFC 12(b)(6) motion." *Chisolm v. United States*, 82 Fed.Cl. 185, 193 (2008), *aff'd per curiam*, 298 Fed.Appx. 957 (Fed.Cir.2008) (unpublished decision).

the prior litigation resulted in a judgment on the merits.

■ Judge Merow dismissed plaintiff's first complaint as barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501.[3] Defendant contends that a dismissal based on the statute of limitations constitutes a final judgment on the merits, citing the Supreme Court's decision in *Plaut v. Spendthrift Farm, Inc.* The parties in *Plaut* were involved in securities fraud litigation when the Supreme Court decided two cases that, when applied to the parties' suit, resulted in the dismissal of the suit on statute of limitations grounds. 514 U.S. 211, 213–14, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). After the dismissal, Congress enacted a statute amending the Securities Exchange Act of 1934 to allow individuals in the same position as the *Plaut* plaintiffs to reinstate their previously time-barred suits. *Id.* at 214, 115 S.Ct. 1447. However, the federal district court rejected the *Plaut* plaintiffs' petition for reinstatement, holding that although the plaintiffs had met the requirements of the amended statute, the amendment was unconstitutional. *Id.* at 215, 115 S.Ct. 1447. The court of appeals agreed. *Id.* In affirming the judgment of the court of appeals, the Supreme Court found no relevance in the fact that the final judgments reopened by the statutory amendment "rested on the bar of a statute of limitations," explaining that "[t]he rules of finality ... treat a dismissal on statute of limitations grounds the same way they treat a dismissal for failure to state a

claim ...: as a judgment on the merits." *Id.* at 228, 115 S.Ct. 1447. Over the next decade, citations to this statement appeared in several decisions from this circuit. For example, the Federal Circuit, in an unpublished decision, cited *Plaut* for the proposition that "the dismissal of a claim as barred by the statute of limitations or for failure to state a claim upon which relief can be granted is considered a judgment on the merits for purposes of claim preclusion." *Hornback v. United States,* 85 Fed.Appx. 758, 761–62 (Fed.Cir. 2004) (per curiam). The Court of Federal Claims also cited *Plaut* in reaching the same conclusion. *See, e.g., Tindle v. United States,* 56 Fed.Cl. 337, 346 (2003) (citing case law predating *Plaut* for the proposition that the statute of limitations is not jurisdictional); *S. Cal. Fed. Sav. & Loan Ass'n v. United States,* 52 Fed.Cl. 444, 454 (2002) (noting that the statute of limitations is not a component of subject matter jurisdiction but is instead an element of a claim against the government).

■ However, all of these decisions predate the Supreme Court's ruling in *John R. Sand & Gravel Co.,* in which it held that 28 U.S.C. § 2501 is a "special statute of limitations" for claims against the United States that provides an "absolute" limit on the ability of the Court of Federal Claims to reach the merits of a case.[4] 552 U.S. at 132–35, 128 S.Ct. 750. In other words, the statute of limitations applicable to actions brought in the Court of Federal Claims is jurisdictional.[5]

---

3. As noted above, the statute specifically provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A similar limitations statute applies to claims against the government in general, and provides: "Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *Id.* § 2401(a).

4. Because the language and meaning of 28 U.S.C. § 2401 is substantially similar to 28 U.S.C. § 2501, the Federal Circuit has applied the Supreme Court's holding in *John R. Sand & Gravel Co.* to section 2401. *See Georgalis v. U.S. Patent & Trademark Office,* 296 Fed.Appx. 14, 16 (Fed.Cir.2008) (unpublished, per curiam deci-

sion) ("While we are presented with a different statute in this case— § 2401 rather than § 2501—we conclude that the Supreme Court's rationale applies with equal force because both are 'jurisdictional' statutes of limitations."); *see also Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 n. 3 (Fed.Cir.1988) (noting that "[s]ection 2401(a) parallels the provisions of section 2501" and "construing both sections without further differentiation").

5. Indeed, the Supreme Court contrasted the "special statute of limitations governing the Court of Federal Claims" with most other statutes of limitations, which are not jurisdictional, noting that "the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver." *John R. Sand & Gravel Co.,* 552 U.S. at 133, 128 S.Ct. 750.

Accordingly, it would seem that if a court is precluded from addressing the merits of a dispute due to a lack of jurisdiction, any decision rendered by the court necessarily cannot be a judgment on the merits. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed.Cir.1996) ("[D]ismissal for lack of jurisdiction is without prejudice."). However, an examination of the two decisions issued by this court after the Supreme Court's ruling in *John R. Sand & Gravel Co.* that address the applicability of the statement from *Plaut* in determining whether a statute of limitations dismissal constitutes a judgment on the merits for claim preclusion purposes reveals that the undersigned's colleagues are not in complete agreement with this conclusion.

In the first case, *Chisolm*, the plaintiff sought a correction of his military records and associated back pay, retirement pay, and allowances. 82 Fed.Cl. at 187. The defendant, noting that a federal district court had previously dismissed a similar suit brought by the plaintiff on statute of limitations grounds, moved to dismiss the complaint on claim preclusion grounds. *Id.* at 190, 193. It argued, citing *Plaut*, that "a dismissal on statute of limitations grounds is considered a judgment on the merits." *Id.* at 193. The court disagreed, holding that the Supreme Court's decision in *John R. Sand & Gravel Co.* compelled the conclusion that a statute of limitations dismissal in an action against the government for nontort money damages could not constitute "an adjudication of the merits." *Id.* The court therefore rejected the defendant's claim preclusion argument. *Id.* Ultimately, the court dismissed the plaintiff's complaint for lack of jurisdiction on statute of limitations grounds. On appeal, the Federal Circuit affirmed the jurisdictional dismissal, never reaching the issue of claim preclusion. 298 Fed.Appx. at 957.

In the second case, *Smalls*, the plaintiff sought a correction of his military records and associated disability retirement pay. *Smalls v. United States*, No. 07–715C, 2008 WL 2396757, at *7 (Fed.Cl. June 6, 2008) (unpublished decision), *aff'd per curiam*, 298 Fed.Appx. 994 (Fed.Cir.2008) (unpublished decision). The court granted the defendant's motion to dismiss on two, alternative, grounds. It first concluded that the plaintiff's claim was barred by the statute of limitations. *Id.* at *8. It then held that the doctrine of claim preclusion also barred plaintiff's claim. *Id.* at *15. In so holding, the court, citing *Plaut*, agreed with the defendant that a prior federal district court's dismissal of a similar suit brought by the plaintiff constituted "a final judgment on the merits because it was based on the statute of limitations." *Id.* at *13, 16–17. Although the court cited the Supreme Court's decision in *John R. Sand & Gravel Co.*, it did not address the applicability of that decision to the statement from *Plaut*.[6] *See id.* at *8, 13. On appeal, the Federal Circuit affirmed the statute of limitations dismissal, but expressly declined to address the claim preclusion issue. 298 Fed.Appx. at 997 ("Because we hold that the Court of Federal Claims lacked jurisdiction, we need not decide whether Smalls' claims are also barred by *res judicata*.").

■ In the instant case, the court concludes that the Supreme Court's decision in *John R. Sand & Gravel Co.* renders the relevant statement from *Plaut (i.e.,* that a statute of limitations dismissal constitutes a judgment on the merits) inapplicable when an action against the government is dismissed on statute of limitations grounds pursuant to 28 U.S.C. § 2501. Such a dismissal constitutes a dismissal for lack of jurisdiction and, thus, cannot be a judgment on the merits. Accordingly, the court declines to dismiss plaintiff's complaint as barred by the doctrine of claim preclusion.[7]

---

6. Nor did the court specifically address the conflicting treatment of *Plaut* in the *Chisolm* decision, which had issued one week earlier. Rather, in a footnote, the court acknowledged that the recent decision in *Chisolm* "present[ed] a different analysis of *res judicata*," but explained that the facts in *Chisolm* "appear[ed] to be distinguishable...." *Smalls*, 2008 WL 2396757, at *19 n. 16.

7. The court's rejection of defendant's claim preclusion argument, which formed the basis of defendant's motion to dismiss, renders moot plaintiff's objection that the motion to dismiss was untimely. Nevertheless, the court notes that

## C. Jurisdiction

The court's rejection of defendant's claim preclusion argument, however, does not render plaintiff's complaint viable. Dismissal remains warranted because plaintiff is unable to carry his burden to establish the court's jurisdiction.

 Whether the court has jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The parties or the court *sua sponte* may challenge the existence of subject matter jurisdiction at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004).

 When considering whether to dismiss a complaint for lack of jurisdiction, the court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). A *pro se* plaintiff's complaint, " 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'...." *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, while "leniency with respect to mere formalities should be extended to a *pro se* party, ... where the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378,

1380 (Fed.Cir.1987). In other words, a *pro se* plaintiff is not excused from his or her burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir.1988).

### 1. Issue Preclusion

There are two grounds upon which to dismiss plaintiff's complaint for lack of jurisdiction, the first of which is the companion concept encompassed within the doctrine of res judicata—issue preclusion. As noted above, the doctrine of issue preclusion forecloses the relitigation of an issue that has already been decided. *Migra*, 465 U.S. at 77 n. 1, 104 S.Ct. 892. "The underlying rationale of the doctrine ... is that a party who has litigated an issue and lost should be bound by that decision and cannot demand that the issue be decided over again." *In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir.1994). The doctrine therefore "protects [the party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

 To establish issue preclusion, the following four elements must be satisfied: (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

*In re Freeman*, 30 F.3d at 1465. Jurisdictional determinations, including determinations related to the statute of limitations, can be proper subjects for the application of the

---

plaintiff's objection lacks merit. Defendant requested a forty-five day enlargement of time to respond to plaintiff's complaint because it required additional time to obtain and review a litigation report from the Army. Plaintiff consented to defendant's request for additional time. He cannot now render the motion to dismiss

untimely by rescinding his consent. Moreover, had plaintiff objected to defendant's motion for enlargement of time, the court would have granted the motion over plaintiff's objection. The court recognizes that defense counsel cannot respond to a complaint without the necessary information from the client agency.

doctrine of issue preclusion.[8] *Chisolm,* 82 Fed.Cl. at 195 ("[A]n *issue* that would otherwise fall within a first court's jurisdiction may be decided by that court with preclusive effect for subsequent courts—even when the first court decides, as a consequence, that it lacks jurisdiction."); *Lowe v. United States,* 79 Fed.Cl. 218, 229 (2007) ("[A] dismissal for lack of subject matter jurisdiction retains some preclusive effect, but only bars those matters that have been actually litigated— typically, the specific jurisdictional issue(s) that mandated the initial dismissal."); *Tindle,* 56 Fed.Cl. at 348–49 (concluding that a federal district court's determination of the date on which the plaintiff's claim accrued was binding on the plaintiff and could not, therefore, be relitigated in the Court of Federal Claims). However, an adverse jurisdictional determination will not have a preclusive effect if the jurisdictional defect has been subsequently cured. *Lowe,* 79 Fed.Cl. at 229–30 (citing *Vink v. Schijf,* 839 F.2d 676, 677 (Fed.Cir.1988) ("A dismissal for lack of subject matter jurisdiction ... is not a disposition on the merits and thus permits a litigant to refile in an appropriate forum.")). If no such cure has been accomplished, and the elements of issue preclusion have otherwise been established, the court must dismiss the precluded claim for lack of jurisdiction. *Id.* at 228; *Chisolm,* 82 Fed.Cl. at 194.

▪ The issue implicated by the complaint in this case is, broadly stated, whether plaintiff's claim for wrongful discharge is barred by the statute of limitations. Plaintiff, however, claims that the issue is more narrow: whether his claim for wrongful discharge accrued on November 22, 2002, the date the VA began to withhold his separation pay from his disability payments. Plaintiff contends that none of the courts involved in the prior litigation addressed this specific issue. Accordingly, plaintiff argues that the doctrine of issue preclusion cannot be applied to bar his present complaint.[9] Plaintiff's argument fails for several reasons.

First, contrary to plaintiff's contention, the courts in the prior litigation did address whether his claim accrued later than April 25, 1998, the date of his discharge. Judge Merow, in his order denying reconsideration, expressly held that plaintiff had not established a basis for the application of equitable tolling to his claim. Implicit in that ruling was that plaintiff had not established a basis to successfully invoke the application of the accrual suspension rule. Subsequently, on appeal, the Federal Circuit reached these same conclusions. In particular, it noted that an accrual date is based on "plaintiff's knowledge of the facts of the claim" and that plaintiff knew all of the relevant facts supporting his claim at the time of his discharge. It also found that plaintiff's receipt of VA disability benefits did not affect his prior knowledge of the facts underlying his claim. Accordingly, both Judge Merow and the Federal Circuit considered, and rejected, a post-April 25, 1998 accrual date in general, and an accrual date based on the VA's payment of disability benefits in particular.

Second, in his order denying reconsideration, Judge Merow expressly held that the

---

8. Relatedly, the Supreme Court has consistently held that when a party could have raised a jurisdictional defense in a prior suit, but failed to do so, and the court exercised its jurisdiction, the party is precluded from collaterally attacking the original court's jurisdiction in a second suit. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."); *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 377, 60 S.Ct. 317, 84 L.Ed. 329 (1940) ("The court has the authority to pass upon its own jurisdiction and its decree

sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral action."); *Stoll v. Gottlieb,* 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed. 104 (1938) ("After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact.").

9. Defendant did not seek the dismissal of plaintiff's complaint based on the doctrine of issue preclusion. However, plaintiff responded in opposition to defendant's motion as if defendant had advanced such an argument. Plaintiff clearly articulated the elements of issue preclusion and analyzed their applicability to his complaint.

Court of Federal Claims lacked jurisdiction over claims concerning the withholding of separation pay from VA disability payments by operation of 10 U.S.C. § 1174(h)(2). He cited a decision in support of that proposition—*Carlisle*—and the Federal Circuit did not find fault with his conclusion. Accordingly, Judge Merow and the Federal Circuit considered, and rejected, plaintiff's claim that an independent basis of jurisdiction over his claim for wrongful discharge existed under section 1174.

Third, Judge Merow, in his order denying reconsideration, properly concluded that plaintiff could not raise a new claim in a motion for reconsideration. *See Bluebonnet Sav. Bank, F.S.B. v. United States,* 466 F.3d 1349, 1361 (Fed.Cir.2006) ("[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal."); *Four Rivers Invs., Inc. v. United States,* 78 Fed.Cl. 662, 665 (2007) (concluding that plaintiff's new arguments, including "new arguments based on a different interpretation of the facts alleged" in the case, did not "constitute grounds for reconsideration of the court's opinion"); *see also Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990) ("The decision whether to grant reconsideration lies largely within the discretion of the district court."). Indeed, the Federal Circuit found no error in Judge Merow's ruling. Further, notwithstanding Judge Merow's admonishment of plaintiff for raising new claims in a motion for reconsideration, he ultimately concluded, as noted above, that the Court of Federal Claims lacked jurisdiction over plaintiff's new claim, a ruling affirmed by the Federal Circuit.

For all of the reasons set forth above, the court concludes that the doctrine of issue preclusion controls the outcome in this case. The ultimate issue in both cases is the accrual date for plaintiff's wrongful discharge claim. This issue was actually litigated in the first action, resolution of the issue was essential to the dismissal of the first action, and plaintiff had a full and fair opportunity to address the issue in the first action. Further, plaintiff has not alleged any subsequent

cure of the jurisdictional defect, *i.e.,* any new facts demonstrating that his claim accrued on November 22, 2002. As the Federal Circuit's predecessor court aptly concluded:

> Since the question has been decided adversely to [plaintiff] by a court of competent jurisdiction, a forum selected by [him], public policy precludes [him] from relitigating the same question here. [Plaintiff] has already had [his] day in court. Defendant is entitled to be protected from the harassment of having to defend a question already decided by a court of competent jurisdiction. Dignity and respect for judicial proceedings require it; tranquility and repose, an end to strife, demand it; the interest of other litigants seeking to be heard necessitates it.

*Edgar v. United States,* 145 Ct.Cl. 9, 171 F.Supp. 243, 245 (1959). Therefore, the court dismisses plaintiff's complaint—a collateral attack on a prior jurisdictional dismissal—for lack of jurisdiction on issue preclusion grounds.

### 2. Statute of Limitations

■■■ Moreover, even if the court construed plaintiff's complaint as raising a new, distinct claim for wrongful discharge arising under 10 U.S.C. § 1174, dismissal for lack of jurisdiction remains appropriate. As concluded by Judge Merow and affirmed by the Federal Circuit, plaintiff's wrongful discharge claim accrued on April 25, 1998. Plaintiff filed the instant complaint on July 7, 2009, more than ten years after his claim accrued. Furthermore, assuming, for the sake of argument, that plaintiff's claim accrued on the date that he alleges, November 22, 2002, his instant complaint was filed more than six-and-one-half years later. Thus, regardless of which accrual date is considered, any new claim for wrongful discharge that appears in plaintiff's instant complaint is barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501. Accordingly, to the extent that plaintiff's complaint alleges an independent claim under 10 U.S.C. § 1174, it must be dismissed for lack of

jurisdiction.[10]

### III. CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint for lack of jurisdiction. Defendant's motion to dismiss is **DENIED AS MOOT.** No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

---

**10.** The court need not reach the issue of whether 10 U.S.C. § 1174 is a money-mandating statute because alternative jurisdictional grounds exist for dismissal. The court notes, however, that two other decisions from the Court of Federal Claims have addressed this issue. *See Siemietkowski v. United States*, 86 Fed.Cl. 193, 197 (2009) (holding, in a case where the plaintiff alleged that he was improperly denied separation pay, that "[b]ecause section 1174 authorizes separation pay in specified cases, the statute is money-mandating and the court has jurisdiction over the case"); *Carlisle*, 66 Fed.Cl. at 633–34 (holding, in a case where the plaintiff alleged that the VA improperly reduced his disability payments under 10 U.S.C. § 1174(h)(2), that the plaintiff's claim was really a denial of veterans benefits—a type of claim within the purview of the Board of Veterans' Appeals—and that therefore the Court of Federal Claims lacked jurisdiction).

