Corrected:June 26, 2008

# United States Court of Appeals for the Federal Circuit

2008-5007

RICKIE J. YOUNG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Rickie J. Young, of Stockbridge, Georgia, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge James F. Merow

# United States Court of Appeals for the Federal Circuit

2008-5007

RICKIE J. YOUNG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-690, Senior Judge James F. Merow.

_____

DECIDED: June 25, 2008

_____

Before NEWMAN, LOURIE, and BRYSON, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Mr. Rickie J. Young appeals the decision of the United States Court of Federal Claims dismissing as time-barred his claim for military pay.[1] He seeks pay from the date of an asserted wrongful military discharge to the date when he would have achieved longevity retirement, and technical reinstatement and entitlement to retirement benefits. The court held that since more than six years had elapsed from the date of his honorable discharge on April 25, 1998, until the complaint was filed on October 4, 2006, his claim was barred by

the Tucker Act's statute of limitations. We affirm the decision of the Court of Federal Claims.

## DISCUSSION

Mr. Young held the rank of Sergeant in the United States Army. He was honorably discharged on April 25, 1998, having completed fourteen years, one month, and four days of active service. The discharge, which was involuntary, occurred because Sergeant Young had reached the "retention control point" beyond which Army regulations bar further enlistment at the same rank (E-5). He had not been promoted to the next rank (E-6). During his Army service, Mr. Young was hospitalized in 1992 with abdominal problems, with a diagnosis of "upper G.I. bleed secondary to severe gastritis." He was treated for these problems on several occasions between 1992 and his discharge in 1998. He passed the Army Physical Fitness Test following his 1992 hospitalization, failed the test in 1994, and passed it on at least two subsequent occasions. His 1994 test failure occurred during a course at a noncommissioned officers academy and prevented him from completing the course, which Mr. Young asserts prevented his promotion to a higher rank.

Four years after his discharge, on November 22, 2002 Mr. Young filed a disability claim with the Department of Veterans Affairs (VA), claiming that his continuing gastrointestinal problems were service connected. The VA ultimately granted service connection for various conditions including gastritis, esophagitis, gastro-esophageal reflux disease and hiatal hernia, and assigned a thirty percent disability rating effective from the date of his claim.

In November 2003, based on this VA finding of service connection, Mr. Young

---

[1] Young v. United States, No. 06-690C, 2007 WL 5171116 (Fed. Cl. July 31, 2007); Young v. United States, No. 06-690C (Fed. Cl. Aug. 30, 2007) (denying reconsideration).

applied to the Army Board for Correction of Military Records (ABCMR) seeking to change his 1998 honorable discharge to a disability separation or medical retirement. The ABCMR denied the application, finding that his evidence did not show probable error or injustice justifying correction of his military records, and also that he had not shown just excuse for his failure to file this application within the three-year statutory period for ABCMR claims. On request for reconsideration, Mr. Young conceded that he was never unfit to perform his military duties and thus was not eligible for disability separation, but argued that the Army erred by not referring him to a Medical Evaluation Board for a proper medical profile after his hospitalization for gastrointestinal problems in 1992. The ABCMR denied reconsideration on May 6, 2004, stating that the relevant Army regulation requires referral to a Medical Evaluation Board when the soldier is believed to be unable to perform his duties, while Mr. Young agreed that he was never unable to perform his duties.

On October 4, 2006 Mr. Young filed a complaint in the Court of Federal Claims asserting jurisdiction under the Tucker Act, 28 U.S.C. §1491, and the Military Pay Act, 37 U.S.C. §204. Mr. Young stated that the Army's failure to refer him to a Medical Evaluation Board for proper medical "profiling" during his military service caused a cascade of unwarranted consequences culminating in his wrongful discharge, and that he would have served the twenty years required for longevity retirement if he had been allowed to achieve a higher rank and remain in the Army. Based on Mr. Young's assertions, the Court of Federal Claims construed his complaint as a monetary request under the Tucker Act, seeking back pay for the period from his discharge until the date at which he would have become eligible for longevity retirement.

The United States moved to dismiss the complaint as time-barred under 28 U.S.C.

§2501.[2] In <u>Martinez v. United States</u>, 333 F.3d 1295 (Fed. Cir. 2003) (*en banc*) this court held that a claimant's participation in a permissive administrative proceeding, such as the ABCMR correction proceeding that Mr. Young pursued, does not toll the six-year period during which a Tucker Act action must be brought. <u>Id.</u> at 1303-05. The <u>Martinez</u> court held that a cause of action for monetary losses resulting from a wrongful discharge accrues from the date of discharge, <u>id.</u> at 1310; the court declined to recognize a separate Tucker Act action measured from the date of the military correction board's decision. <u>Id.</u> at 1314. Applying <u>Martinez</u>, the Court of Federal Claims ruled that Mr. Young's claim in that court accrued upon his discharge on April 25, 1998. Because this accrual date preceded the filing of Mr. Young's complaint by more than six years, the court dismissed the complaint as time-barred.

The Court of Federal Claims further stated that if Mr. Young were seeking disability retirement pay, rather than pay based on wrongful discharge, then the complaint would not be time-barred because disability retirement claims generally do not accrue until the appropriate military board either finally denies the claim or refuses to hear it, citing <u>Chambers v. United States</u>, 417 F.3d 1218, 1223 (Fed. Cir. 2005). However, the court found that Mr. Young had clarified that he was not seeking disability retirement pay, for eligibility for disability retirement requires that the claimant was unfit to perform his military duties. Mr. Young agrees in this appeal that he does not seek disability retirement pay.

On request for reconsideration, Mr. Young argued in the Court of Federal Claims that wrongdoing by the Army in not referring him for a proper medical profile warranted equitable tolling of the statute of limitations. The court ruled that Mr. Young had not

---

[2]   28 U.S.C. §2501 provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

established a basis for tolling, even if equitable tolling could apply to 28 U.S.C. §2501, because he did not show that any relevant facts were concealed or that he was in any way misled by the government into delaying more than six years before filing this complaint. After the Court of Federal Claims issued its decisions, the Supreme Court decided John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008), holding that the statute of limitations applicable to Tucker Act claims, 28 U.S.C. §2501, is jurisdictional and not susceptible to equitable tolling. Id. at 753-57. The John R. Sand & Gravel decision resolved a question that had been left open in the *en banc* Martinez decision. See Martinez, 333 F.3d at 1318 ("We decline to decide whether equitable tolling is generally available under section 2501, because even if we held that it is, Mr. Martinez has not made a sufficient factual showing to invoke equitable tolling in this case . . . .").

On this appeal, Mr. Young argues that the Martinez case is factually distinguishable and that his claim should be deemed timely because his claim was "inherently unknowable" until the VA first determined that his medical conditions were service-connected, with an effective date of November 22, 2002; thus, he argues that his claim did not accrue until November 22, 2002. In a supplemental brief filed after the decision of John R. Sand & Gravel, Mr. Young argues that the Supreme Court's conclusion that 28 U.S.C. §2501 is "jurisdictional" does not bar this court from ruling that equitable tolling applies in his case, or that his claim accrued only upon the VA's determination of his disability status. Mr. Young argues that he did not know "disability" was at issue until the VA granted his disability claim, and that his reasonable lack of knowledge excuses any delay in commencing legal action to obtain the pay he would have received had he been allowed to remain in military service.

To the extent that Mr. Young is seeking equitable tolling, such relief is foreclosed by John R. Sand & Gravel, wherein the Court held that the Tucker Act's statute of limitations is

in the "more absolute" category that cannot be waived or extended by equitable considerations. 128 S. Ct. at 753-54.

This court in Martinez also discussed the "accrual suspension rule," which is "distinct from the question whether equitable tolling is available under that statute, [28 U.S.C. §2501] although the term 'tolling' is sometimes used in describing the rule." Martinez, 333 F.3d at 1319. According to the accrual suspension rule, "the accrual of a claim against the United States is suspended, for purposes of 28 U.S.C. §2501, until the claimant knew or should have known that the claim existed." Id. To achieve such suspension the plaintiff "must either show that the defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." Id. (quoting Welcker v. United States, 752 F.2d 1577, 1580 (Fed. Cir. 1985)). Mr. Young argues that at the time of his discharge in 1998 it was "inherently unknowable" that his military experience would render him disabled by 2002. He seeks to distinguish Martinez, where this court found the accrual suspension rule inapplicable because the ABCMR action sought to correct the form of Mr. Martinez's discharge, a situation different from that of Mr. Young.

The Court of Federal Claims, declining to suspend accrual, observed that Mr. Young knew all of the relevant facts at the time of his discharge. It is a plaintiff's knowledge of the facts of the claim that determines the accrual date. See United States v. Kubrick, 444 U.S. 111, 122 (1979) ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."); Catawba Indian Tribe v. United States, 982 F.2d 1564, 1572 (Fed. Cir. 1993) (declining to apply a later accrual date where "all the relevant *facts* were known. It was the meaning of the law that was misunderstood."). Mr. Young knew that he

had been treated for abdominal problems repeatedly during his Army service, that he had not been referred to a Medical Evaluation Board, and that failure of promotion led directly to his discharge. There is no suggestion that the Army concealed any fact that might be relevant to his claim that he should not have been discharged. The Court of Federal Claims did not err in finding that neither the fact of Mr. Young's medical condition, nor the Army regulations he states required his referral to a Medical Evaluation Board, was "inherently unknowable." That he later applied for and received VA disability benefits does not establish that he had inadequate knowledge concerning the reason for his discharge. The principle confirmed in Martinez does not permit suspension of the accrual date of his claim. Precedent supports the ruling of the Court of Federal Claims that this claim accrued as of the date of his discharge, and is now time-barred.

We have considered all of the petitioner's remaining arguments and find that they do not change the result, which is simply that Mr. Young waited too long to bring this Tucker Act claim.

No costs.

<u>AFFIRMED</u>