NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKIE J. YOUNG,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5018

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-442, Judge Margaret M. Sweeney.

---

Decided: April 6, 2011

---

RICKIE J. YOUNG, of Stockbridge, Georgia, pro se.

JANE C. DEMPSEY, Trial Attorney, Civil Division, Commercial Litigation Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before LINN, SCHALL, and DYK, *Circuit Judges*.

PER CURIAM.

Rickie J. Young ("Young") appeals from a final decision of the Court of Federal Claims dismissing his case as barred by issue preclusion. Because Young's suit concerns a question previously litigated and decided and in all respects subject to issue preclusion, this court affirms.

## BACKGROUND

The background facts of the present case are identical to those of a previous suit brought in the Court of Federal Claims and appealed to this court in 2008 and need not be repeated in their entirety. *See Young v. United States*, 529 F.3d 1380, 1382 (Fed. Cir. 2008).

Young was honorably discharged from the United States Army at the rank of Sergeant on April 25, 1998, "having completed fourteen years, one month, and four days of active service." *Id*. Young had reached "the retention control point" which, under Army regulations, prevented him from reenlisting. *Id*. In 2002, Young filed a disability claim with the Department of Veterans Affairs ("the Department") for service-connected gastrointestinal problems, which the Department granted. *Id*. The following year, Young sought to have the Army Board for Correction of Military Records ("the Board") change his 1998 honorable discharge to a "disability separation or medical retirement." *Id*. The Board declined to do so, because Young "conceded that he was never unfit to perform his military duties." *Id*.

Young then filed a complaint in the Court of Federal Claims on October 4, 2006, asserting jurisdiction under the Tucker Act and a cause of action under the Military Pay Act, 37 U.S.C. § 204. *Id*. at 1383. As this court explained, Young contended that "the Army's failure to refer him to a Medical Evaluation Board for proper medi-

cal 'profiling' during his military service caused a cascade of unwarranted consequences culminating in his wrongful discharge." *Id.* The Court of Federal Claims construed Young's complaint as "seeking back pay for the period from his discharge until the date at which he would have become eligible for longevity retirement." *Id.*

The Court of Federal Claims dismissed Young's complaint as untimely under 28 U.S.C. § 2501. That statute provides a six year statute of limitations "after such claim first accrues" for "[e]very claim of which the United States Court of Federal Claims has jurisdiction." 28 U.S.C. § 2501. Because "a cause of action for monetary losses resulting from a wrongful discharge accrues from the date of discharge" and Young's discharge was in 1998, the court found his 2006 complaint barred by the statute of limitations. *Young*, 529 F.3d at 1383.

On appeal before the Federal Circuit, Young argued that "his claim did not accrue until November 22, 2002," the date that he filed a disability claim with the Department. *Id.* at 1384. This court disagreed, and held that the accrual date was Young's date of discharge. To the extent that Young contended his claim should be equitably tolled, the court noted that in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), the Supreme Court characterized section 2501 as a "more absolute[] kind of limitations period" that the government could not waive and that could not be equitably tolled. *Id.* at 134.

On July 7, 2009, Young brought his present suit to "challenge the jurisdictional denial of [his] first claim." *Young v. United States*, 92 Fed. Cl. 425, 429 (2010). Young contends that under the military separation pay statute, 10 U.S.C. § 1174, his claim accrued on November 22, 2002, the date he filed a disability claim with the Department. Young contends that because, by operation of section 1174(h), his disability compensation was reduced by the amount of separation pay he was already receiving, his claim for wrongful discharge did not accrue until he

filed his disability claim. Like Young's previous suit, this is a claim for monetary damages flowing from the alleged wrongfulness of Young's 1998 honorable discharge. Like before, Young seeks back pay under the Military Pay Act to compensate him for alleged monetary harm flowing from the wrongfulness of that discharge. Because the accrual date for claims for back pay arising from the alleged wrongfulness of Young's 1998 discharge was previously litigated and determined, the Court of Federal Claims held that Young was precluded from litigating this issue a second time and accordingly dismissed the case. *Young*, 92 Fed. Cl. at 435. Young timely appealed, and this court has jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

The general principle of issue preclusion "is that a right, question or fact distinctly put in issue [in a first suit] . . . cannot be disputed in a second suit" by the party who previously litigated that issue. *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994) (quoting *Southern Pac. R.R. v. United States*, 168 U.S. 1, 27 (1897)). Issue preclusion generally requires that "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." *Id.*

The thrust of Young's argument is that issue preclusion cannot apply here because neither the Court of Federal Claims nor the Federal Circuit adequately addressed whether his claim accrued on November 22, 2002, by operation of section 1174. Young takes issue with the ruling by the Court of Federal Claims in his first suit, on reconsideration, that he could not assert jurisdiction under section 1174, and that section 1174 was never specifically addressed on appeal by the Federal Circuit. In the present appeal, Young emphasizes that he raises

section 1174 to prove the accrual date of his section 204 claim. As Young explains: "Never once did he argue he sought recovery of the recoupment action, he only raised the issue to prove when his claim occurs and never once argued anything about a denial of DVA benefits."

The government responds that there is no new issue presented in Young's arguments in this case or on this appeal. It contends that the same issue in the present case—when did Young's claim accrue, and was it time barred—had already been decided in the prior case.

Young's current claim, wrongful discharge, and the relief he now seeks, back pay, hinge upon the question of when his claim accrued. As the Court of Federal Claims rightly observed, that issue is the identical issue decided in his previous case. In affirming the Court of Federal Claims' dismissal of Young's prior case, this court already explained that, in military back pay cases, the accrual date for the claim is the date of the alleged wrongful discharge. *See Young*, 529 F.3d at 1383 citing *Martinez v. United States*, 333 F.3d 1295, 1310, 1314 (Fed. Cir. 2003) (en banc).

Young's attempt to relitigate the accrual date issue repackaged as part of a claim under section 1174 is unavailing. The question of the accrual date presented in this case was "actually litigated," it "was essential" to the dismissal under section 2501, and Young had a "full and fair opportunity to litigate the issue" before the Court of Federal Claims and on appeal before this court. Therefore, the doctrine of issue preclusion bars Young from litigating the accrual date a second time. Because this court affirms the decision of the Court of Federal Claims on issue preclusion, it is not necessary to address the question of whether Young's suit was also barred by claim preclusion.

Finally, this court further agrees with the Court of Federal Claims that Young's current suit was filed more

than six years after Young filed for disability benefits and that it would therefore be time barred under either accrual date, whether styled as an action for back-pay or recovery of benefits. *Young*, 92 Fed. Cl. at 435.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.