NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANCY N. THOMPSON, JR.,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant- Appellee.*

---

2011-5057

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-264, Judge Lawrence J. Block.

---

Decided: May 9, 2012

---

MANCY N. THOMPSON, JR., of La Mesa, California, pro se.

RENEE GERBER, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

———————————————

Before BRYSON, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

## DECISION

Mancy N. Thompson, Jr., appeals from a decision of the United States Court of Federal Claims dismissing his case for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Thompson was discharged from the United States Marine Corps on September 9, 1987, following his arrest for murder. In 1997, Mr. Thompson sought review of his discharge characterization with the Navy Discharge Review Board, which sustained the discharge. In 2009, Mr. Thompson filed a complaint in the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491, alleging that his separation from the Marine Corps was unlawful and that he was entitled to full pay and benefits retroactive to the date of his separation. Mr. Thompson alleged that his discharge was unlawful because he never waived his right to a court-martial and the public defender who was appointed to defend him against murder charges in 1987 was not authorized to waive that right on his behalf. The Court of Federal Claims found that Mr. Thompson had failed to file his complaint within the six-year limitations period set forth in 28 U.S.C. § 2501. The court therefore dismissed Mr. Thompson's complaint for lack of jurisdiction and declined to address the merits of his claim.

DISCUSSION

The statute of limitations applicable to claims filed in the Court of Federal Claims is six years. 28 U.S.C. § 2501. Mr. Thompson was discharged from the Marine Corps on September 9, 1987. He did not file his claim until April 28, 2009, more than 21 years later. Twenty-one years far exceeds the six-year limitations period of section 2501, which is jurisdictional and cannot be waived. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008).

Mr. Thompson argues that the trial court should have applied principles of equitable tolling and found his complaint timely. Equitable tolling, however, is precluded under 28 U.S.C. § 2501. *Holmes v. United States*, 657 F.3d 1303, 1317 n.11 (Fed. Cir. 2011), citing *John R. Sand & Gravel Co.*, 552 U.S. at 132-39; *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008).

Mr. Thompson also argues the trial court should have ruled that the accrual of his cause of action was suspended and that his complaint was timely for that reason. We disagree. Accrual of a claim against the United States is suspended only if "the defendant has concealed its acts with the result that plaintiff was unaware of their existence" or if the plaintiff's injury "was 'inherently unknowable' at the accrual date." *Young*, 529 F.3d at 1384. The record shows that Mr. Thompson was aware of the facts underlying his claim no later than 1997. Thus, even if accrual suspension applied, it would not have resulted in the suspension of the accrual date for his claim beyond 1997, which was more than 10 years before Mr. Thompson filed his complaint.

Because neither equitable tolling nor suspension of accrual serves to avoid the application of the six-year limitations period to Mr. Thompson's claim, we uphold the trial court's dismissal of his complaint. In light of the jurisdictional basis for the dismissal, we do not address the issues raised in Mr. Thompson's informal brief going to the merits of his claim.

No costs.

**AFFIRMED**