**Edwin Mark ACKERMAN,**
**Plaintiff, pro se,**

v.

**The UNITED STATES, Defendant,**

No. 12–336C

United States Court of Federal Claims.

Filed: November 30, 2012

Edwin M. Ackerman, Canon City, Colorado, Plaintiff, pro se.

Luke A. E. Pazicky, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

## I. RELEVANT FACTS[1] AND PROCEDURAL HISTORY.

On June 30, 1993, Edwin M. Ackerman ("Plaintiff") enlisted in the United States Army ("Army") for a term of three years, with a discharge date of June 29, 1996. Gov't App. at A–1. In 1994, Plaintiff pled guilty to charges of rape and larceny. Gov't App. at A–3. The Army sentenced Plaintiff to confinement for life; reduced his grade to the lowest enlisted rank (E-1); and removed him from service with a dishonorable discharge. Gov't App. at A–3. After his convic-

---

1. The facts stated herein are derived from Plaintiff's May 14, 2012 Complaint ("Compl.") and an Appendix to the Government's July 13, 2012 Motion To Dismiss ("Gov't App.").

tion, Plaintiff was transferred to the State of Colorado, where he was convicted for a separate crime of kidnapping and sentenced to a thirty-five year prison sentence to run concurrently with the prior Army sentence. Gov't App. at A–5.

On November 14, 1995, Plaintiffs appeal of his Army conviction to the United States Army Court of Criminal Appeals was denied. Gov't App. at A–7. On December 18, 1996, the United States Court of Appeals for the Armed Forces denied Plaintiff's petition for review. Gov't App. at A–8. On October 10, 1997, Plaintiff was discharged from the Army. Gov't App. at A–11. Plaintiff currently resides in the Colorado State Penitentiary. Compl. at 1. When Plaintiff's Colorado sentence is completed, he will be released to the Army to serve his court-martial sentence. Gov't App. at A–3.

On November 1, 2007, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims alleging entitlement to back pay for the period of November 1994 to August 1998, and requested relief from an alleged Due Process violation. Gov't App. at A–13. The court considered the November 1, 2007 Complaint as a monetary claim for back pay, pursuant to the Military Pay Act, 37 U.S.C. § 204(a)(1), but dismissed the Complaint as barred by the statute of limitations, 28 U.S.C. § 2501. *See Ackerman v. United States ("Ackerman I")*, 2009 WL 586121, at *1–2 (Fed.Cl. Feb. 27, 2009).

On May 14, 2012, Plaintiff filed a second Complaint in the United States Court of Federal Claims seeking back pay from November 1, 1994 to October 10, 1997 or, in the alternative, a new trial or release from prison into the Army's custody to serve his suspended sentence ("Compl."). The May 14, 2012 Complaint alleges that the trial judge presiding over Plaintiff's Court Martial issued an Order that Plaintiff is entitled to receive military pay at the E–1 level. Compl. at 1. In addition, the May 14, 2012 Complaint alleges that Plaintiffs imprisonment by the State of Colorado violates the Due Process Clause, since he initially was sentenced by the Army, so that the State of Colorado's sentence should run concurrently with the Army sentence. Compl. at 1. The May 14,

2012 Complaint also alleges that Plaintiff was detained without access to military law until February 2011. Compl. at 2. In addition, if Plaintiff had been placed in Army custody, he would have been able to pursue his Due Process violation claim in a timely fashion. Compl. at 2.

On July 13, 2012, the Government filed a Motion To Dismiss, arguing that: (1) this action is barred by the preclusive effect of *Ackerman I*; and (2) Plaintiffs back pay claim is barred by the statute of limitations in 28 U.S.C. § 2501.

On July 18, 2012, Plaintiff filed a Response, reiterating that he was unable effectively to research and timely file his claim as a result of Due Process violations detailed in the May 14, 2012 Complaint. On July 18, 2012, Plaintiff also filed a Claim For Compensation For Violation Of Plaintiff Rights Due To Denial Of Access To Uniform Code Of Military Justice. The July 18, 2012 Claim also asserts various claims for damages for alleged violations of the Due Process Clause. That Claim also alleges that the Assistant Attorney General who represented the State of Colorado in the proceeding in the Logan County District Court for the Thirteenth Judicial District of Colorado never filed an oath of office, as required by C.R.S.A. § 20–1–201, and that the Clerk of the Logan County District Court improperly dismissed Plaintiff's Motion For Default Of Judgment, because the Assistant Attorney General's oath was never filed. The July 18, 2012 Claim further asserts Plaintiff is owed for four categories of damages: $150.00 per day for being denied access to military law from October 1995 until February 2011; $300.00 per day in punitive damages for the same violation; attorney's fees of $90.00 per hour for inadequate access to military law during this time; and finally, $131,230 in punitive damages for the Logan County District Court Clerk's disregard of Plaintiff s Due Process rights.

On August 7, 2012, the Government filed a Response to Plaintiff's July 18, 2012 Claim For Compensation, adding that the court does not have subject matter jurisdiction to entertain Plaintiff's new allegations, because: (1) Plaintiff has not identified a source of substantive law that creates the right to

money damages he seeks; (2) the court has jurisdiction only over claims against the United States, and not over claims against the State of Colorado or Colorado state officials; (3) the court does not have jurisdiction to review state court judgments; and (4) to the extent that the Claim alleges that state officials engaged in fraud or misrepresentation, these are tort claims falling outside the court's jurisdiction. On August 7, 2012, the Government also filed a Reply.

On August 23, 2012, Plaintiff filed a Reply to the Government's August 7, 2012 Response, agreeing to combine all of his claims and repeating that he was impeded in filing the May 14, 2012 Complaint due to actions by the State of Colorado depriving him of access to military law and military courts. Plaintiff adds that the Government's August 7, 2012 Response affirmed that: Plaintiff was owed back pay and therefore the United States was in breach; according to 27 C.F.R. § 72.11, all crimes are commercial, and therefore, the issue of Colorado's alleged violations is within the court's jurisdiction; and Plaintiff's plea agreement with the Army was an implied contract that the Government breached, when Plaintiff did not receive back pay.

On October 18, 2012, Plaintiff filed a Motion For Status Of Case. On November 5, 2012, the Government filed a Response.

## II. DISCUSSION.

### A. Jurisdiction.

■ The Tucker Act authorizes the United States Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages ... [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive

right exist." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005) (*en banc*) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.").

In the present case, the claims alleged in the May 14, 2012 Complaint fall under the Military Pay Act, 37 U.S.C. § 204(a)(1) (2006), because he is requesting back pay for November 1, 1994 to October 10, 1997. Claims for back pay in military cases are within the court's jurisdiction. *See Metz v. United States,* 466 F.3d 991, 998 (Fed.Cir. 2006). Other impediments to the court's jurisdiction are present. *See* 28 U.S.C. § 2501 (2006); *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 132, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008); *Young v. United States,* 529 F.3d 1380, 1384 (Fed.Cir.2008).

### B. Standard for Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

■ A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiffs

favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nonetheless, the plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988).

### C. Standard Of Review For *Pro Se* Litigants.

■ The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se]* plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 412 F.2d 1285, 1292 (Ct.Cl.1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke,* 60 F.3d at 799 (Fed.Cir.1995).

### D. The Government's Motion To Dismiss.

The Government argues that the May 14, 2012 Complaint should be dismissed on two grounds: (1) Plaintiff's back pay claim is barred by the statute of limitations, and (2) the action is foreclosed by the issue preclusive effect of the decision in *Ackerman I.* Gov't Mot. at 2.

As to the first ground, the Government asserts that Plaintiff's claim is untimely because it was filed outside the court's six-year statute of limitations period. Gov't Mot. at 5 (citing 28 U.S.C. § 2501; 28 U.S.C. § 2401(a); *John R. Sand & Gravel Co.,* 552 U.S. at 134, 128 S.Ct. 750). Plaintiff's claims accrued as of the date he first knew he stopped receiving back pay, November 1, 1994, and by operation of the tolling provision in the Servicemember's Civil Relief Act of 2003 ("SCRA"), 50 U.S.C. app. §§ 501–96, the statute of limitations was tolled until his discharge from active duty on October 10, 1997. Gov't Mot. at 5–6 (citing *Ackerman I,* 2009 WL 586121, at *2). In spite of this

tolling provision, however, because Plaintiff did not "institute this case until May 14, 2012, over 15 years after his claim accrued, his claim is time barred," and his complaint must be dismissed. Gov't Mot. at 6.

As to the second ground, the Government contends that Plaintiff's claim is barred by the issue-preclusive effect of *Ackerman I.* Gov't Mot. at 7–9. First, the government notes that jurisdiction determinations, including determinations related to the statute of limitations, "can be proper subjects for the application of issue preclusion." Gov't Mot. at 7, citing *Young v. United States,* 92 Fed. Cl. 425, 433-35 (2010), *aff'd,* 417 Fed.Appx. 943 (Fed.Cir. 2011) *(per curiam ).* Each of the elements of issue preclusion is satisfied with respect to the statute of limitations: (1) the limitations issue in this case is identical to one decided in the first action, *Ackerman I,* since this case seeks back pay for a period of time subsumed by the back pay claim in *Ackerman I* ; (2) the statute of limitations issue was actually litigated in *Ackerman I* ; (3) resolution of the statute of limitations issue was essential to the final judgment in *Ackerman I,* since it was the basis of the dismissal; and (4) Plaintiff had a full and fair opportunity to litigate the statute of limitations issue in *Ackerman I,* since he was able to oppose the Government's motion to dismiss in that case and could have sought reconsideration or appellate review of the court's dismissal but chose not to. Gov't Mot. at 8–9.

Last, the Government asserts that Plaintiff's claim relating to alleged procedural errors in his court martial are not within the court's jurisdiction because the "claim rests on no money-mandating statute or constitutional amendment." Gov't Mot. at 9.

### E. The Court's Resolution.
#### 1. Plaintiff's Claim For Back Pay Is Barred.

■ Issue preclusion requires satisfaction of the following four elements:

(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judg-

ment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

*In re Freeman,* 30 F.3d 1459, 1465 (Fed.Cir. 1994) (citations omitted). "Jurisdictional determinations, including determinations related to the statute of limitations, can be proper subjects for the application of the doctrine of issue preclusion." *Young v. United States,* 92 Fed.Cl. 425, 433-34 (Fed.Cl.2010) *reconsideration denied,* 94 Fed.Cl. 671 (Fed.Cl. 2010) and *aff'd,* 417 Fed.Appx. 943 (Fed.Cir. 2011) (citing *Chisolm v. United States,* 82 Fed.Cl. 185, 195 (2008) ("[A]n issue that would otherwise fall within a first court's jurisdiction may be decided by that court with preclusive effect for subsequent courts—even when the first court decides, as a consequence, that it lacks jurisdiction."); *see also Lowe v. United States,* 79 Fed.Cl. 218, 229 (2007) ("[A] dismissal for lack of subject matter jurisdiction retains some preclusive effect, but only bars those matters that have been actually litigated—typically, the specific jurisdictional issue(s) that mandated the initial dismissal.")).

■ The claims alleged in the May 14, 2012 Complaint are barred by the doctrine of issue preclusion, because the issue of whether Plaintiff's claims are barred by the statute of limitations has been fully and fairly litigated and adjudicated in *Ackerman I.* First, the statute of limitations issue in this case and that in *Ackerman I* are identical, and in both cases, the statute of limitations must be applied to Plaintiff's claim for back pay, even though the dates for which Plaintiff seeks back pay are slightly different. Second, the statute of limitations issue was adjudicated. *See Ackerman I,* 2009 WL 586121, at *2. Third, resolution of the limitations issue was essential to the final judgment in *Ackerman I,* as the court found that "plaintiff's claims must be dismissed because they are barred by this court's statute of limitations." *Id.* Last, Plaintiff had a full and fair opportunity

to litigate the limitations issue in *Ackerman I. See Ackerman I,* 2009 WL 586121, at *2.

■ Assuming, *arguendo,* Plaintiffs current claim is not barred by issue preclusion, nevertheless it would be barred by the statute of limitations. The statute of limitations of the United States Court of Federal Claims is governed by 28 U.S.C. § 2501, which states: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A cause of action accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.,* when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) *(en banc).* A claim accrues only if the claimant "knew or should have known" that the claim existed. *Goodrich v. United States,* 434 F.3d 1329, 1333 (Fed.Cir.2006). Plaintiff's claim accrued in November 1994, when he first had knowledge that he stopped receiving pay.

■ In addition, to the extent that the May 14, 2012 Complaint alleges that Plaintiff is entitled to equitable tolling, the limitations period imposed by section 2501 "is jurisdictional, and may not be waived or tolled." *FloorPro, Inc. v. United States,* 680 F.3d 1377, 1381 (Fed.Cir.2012) (citing *John R. Sand & Gravel Co.,* 552 U.S. at 136-39, 128 S.Ct. 750); *see also Young,* 529 F.3d at 1384 ("To the extent that [plaintiff] is seeking equitable tolling, such relief is foreclosed by *John R. Sand & Gravel,* wherein the Court held that the Tucker Act's statute of limitations is in the 'more absolute' category that cannot be waived or extended by equitable considerations.") (citing *John R. Sand & Gravel Co.,* 552 U.S. at 133-34, 128 S.Ct. 750).

The SCRA contains a tolling provision,[2] which has been interpreted to apply to Plain-

---

2. The tolling provision found in section 526 provides:

The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for

the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the

tiff's pay claims. *See Ackerman I*, 2009 WL 586121, at *2. In addition, in military pay cases, the accrual date "is generally no later than the date of the service member's discharge from active duty." *Id.* In *Ackerman I*, the court found that the statute of limitations for Plaintiff's back pay claims began to run on October 10, 1997, the date of his discharge from the Army. *Ackerman I*, 2009 WL 586121, at *2. That ruling is applicable in this case as well.

Therefore, for Plaintiff's military pay claims to be within the court's jurisdiction, he would have had to file suit no later than October 2003, six years after the date he was discharged. Because the Complaint was filed on May 14, 2012, more than fourteen years after the statute of limitations began to run, the claims alleged therein are barred.

In addition, 28 U.S.C. § 1491 provides that "[t]o provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any ... judgment," grant limited equitable relief. 28 U.S.C. § 1491(a)(2). But, the United States Court of Federal Claims has "no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money-judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998) (quoting *Austin v. United States*, 206 Ct.Cl. 719, 723 (1975)). Since the May 14, 2012 Complaint has failed to state a monetary claim over which this court has jurisdiction, no collateral relief can be granted.

 Finally, the court does not have jurisdiction to adjudicate Due Process claims. It is well settled law that a violation of the Due Process Clause does not give rise to a claim for money damages against the United States in the Court of Federal Claims. *See James*, 159 F.3d at 581; *see also LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir. 1995).

### III. CONCLUSION.

For the reasons discussed above, the Government's July 13, 2012 Motion To Dismiss is granted. The Clerk of the United States

Court of Federal Claims is directed to dismiss the May 14, 2012 Complaint. The Clerk is further directed to accept no other actions or filing by Edwin M. Ackerman, without an Order of the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any actions in this court in the future, Mr. Ackerman must explain how his complaint raises new matters properly before this court. *See* RCFC Rule 11(b) (barring the filing of unwarranted or frivolous claims).

**IT IS SO ORDERED.**

servicemember's heirs, executors, administrators, or assigns.

50 U.S.C. app. § 526(a) (2003).