# In the United States Court of Federal Claims

No. 14-126C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: February 2, 2015)

———————

| | |
|---|---|
| RICHARD FOURNIER, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

———————

## OPINION AND ORDER

———————

**ALLEGRA, Judge:**

Defendant has moved to dismiss plaintiff's complaint under RCFC 12(b)(1), asserting that this suit is barred by the application of the statute of limitations found in 28 U.S.C. § 2501. Argument on this motion is unnecessary. For the reasons that follow, the court **GRANTS** defendant's motion.

## I.    BACKGROUND[1]

On April 15, 1960, plaintiff, Richard Fournier, enlisted in the United States Navy (the Navy). On June 9, 1965, plaintiff underwent a psychiatric exam at the United States Naval Hospital, Jacksonville, Florida. The Consultation Report following the exam included two impressions: schizoid personality and paranoid trend. Plaintiff was also provisionally diagnosed with "immature personality," and was recommended for an administrative discharge. On June

———————

[1] These facts are primarily drawn from plaintiff's complaint and, for the purpose of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589 (2007).

23, 1965, the Navy recommended that plaintiff be honorably discharged by reason of unsuitability due to "inadequate personality disorder."

On July 16, 1965, plaintiff was discharged from the Navy. As part of his discharge, plaintiff received a DD 214 discharge certificate. Block 11a of the DD 214 discharge certificate stated that the "reason for discharge was not to be shown." However, Block 11a also included "Code 464," a separation code reflecting a schizoid personality.

In 1988, plaintiff petitioned the United States Navy Board for Correction of Naval Records (BCNR) requesting that his administrative discharge be reclassified as a medical discharge due to a head injury plaintiff suffered in 1961. Plaintiff additionally asserted that he should have been afforded a medical board prior to discharge to determine his fitness for duty. On February 24, 1989, the BCNR denied plaintiff's petition; on October 6, 2009, the BCNR denied plaintiff's second request.

On February 12, 2014, plaintiff filed a complaint in this court. On March 24, 2014, defendant filed a motion to dismiss the complaint pursuant to RCFC 12(b)(1). The motion is fully briefed.

## II.   DISCUSSION

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Bell Atl. Corp.*, 550 U.S. at 554-55. In particular, the plaintiff must establish that the court has subject matter jurisdiction over its claims. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The statute of limitations for claims filed in this court is contained in 28 U.S.C. § 2501, which provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This requirement is jurisdictional, meaning that compliance with it is a condition of the government's waiver of sovereign immunity. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008); *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004); *Petro-Hunt, L.L.C. v. United States*, 90 Fed. Cl. 51, 58 (2009). Under this statute, a claim accrues when "'all events have occurred to fix the Government's alleged liability,'" and the plaintiff knew or should have known of the existence of his claim. *Martinez*, 333 F.3d at 1303 (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)); *see also San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1358-59 (Fed. Cir. 2011); *Hart v. United States*, 910 F.2d 815, 817-18 (Fed. Cir. 1990).

Plaintiff was discharged from the Navy in 1965, approximately fifty years before the filing of his complaint. The decision to seek review from a military correction board does not

toll this running of the statute of limitations nor does an adverse decision by a board create a new statute of limitations. *Hurick v. Lehman*, 782 F.2d 984, 987 (Fed. Cir. 1986). Plaintiff's complaint suggests that his suit, nonetheless, is timely based on his discovery in 2009 of assertions that allegedly impact his case. However, it is well-accepted that discovery of a new legal theory does not impact the accrual of a claim for purposes of this court's six-year statute of limitations. *See Catawba Indian Tribe of S.C. v. United States*, 982 F.2d 1564, 1572 (Fed. Cir.), *cert. denied*, 509 U.S. 904 (1993). It is, rather, "a plaintiff's knowledge of the facts of the claim that determines the accrual date." *Young v. United States*, 529 F.3d 1380, 1385 (Fed. Cir. 2008), *cert. denied*, 555 U.S. 1214 (2009); *see also Eden Isle Marina, Inc. v. United States*, 113 Fed. Cl. 372, 482 (2013); *Stanley v. United States*, 107 Fed. Cl. 94, 99 (2012) (discussing the application of the accrual suspension rule). And that date, as noted, occurred decades ago, with no indication whatsoever that the Navy ever attempted to conceal from plaintiff the reason for his discharge. Accordingly, the court concludes that plaintiff's case is time-barred.[2]

Accordingly, based on the foregoing, the court finds that plaintiff's claim is not timely under the six-year statute of limitations provided by section 2501.

## III.    CONCLUSION

The court need not gild the lily. Based on the foregoing, the court concludes that it must **GRANT** defendant's motion to dismiss plaintiff's complaint under RCFC 12(b)(1). The Clerk shall dismiss the complaint.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra

---

[2] Even if the impact of the statute of limitations here were different – which it is not – the court would lack jurisdiction over plaintiff's complaint as he is not seeking pay within the scope of the Military Pay Act, 37 U.S.C. § 204. In particular, plaintiff does not challenge that he was properly discharged by the Navy and that his resignation was voluntary. *See House v. United States*, 99 Fed. Cl. 342, 347-48 (2011), *aff'd*, 473 Fed. Appx. 901 (Fed. Cir. 2012).