NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY SWARTZLANDER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-1836

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01567-MCW, Senior Judge Mary Ellen Coster Williams.

---

Decided: April 23, 2020

---

MARIANNE G. DUGAN, Marianne Dugan, P.C., Eugene, OR, for plaintiff-appellant.

TAMARA N. ROUNTREE, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEFFREY B. CLARK, ERIC GRANT.

---

Before PROST, *Chief Judge*, CLEVENGER and DYK,
*Circuit Judges*.

PROST, *Chief Judge*.

Mary Swartzlander appeals from the decision of the United States Court of Federal Claims dismissing her takings claim as timed-barred under 28 U.S.C. § 2501. *See Swartzlander v. U.S.*, 142 Fed. Cl. 435 (2019) ("*Decision*"). We affirm.

I

Ms. Swartzlander owned property running along a creek across from a wetland restoration project conducted by the Bonneville Power Administration. The Bonneville Power Administration is part of the U.S. Department of Energy. The restoration project started in 2001 and concluded in 2005.

In 2015, Ms. Swartzlander filed a takings claim with the Court of Federal Claims alleging that the wetland restoration project caused erosion on her land.[1] The government, arguing that Ms. Swartzlander's claim was time-barred, moved to dismiss the claim.[2] The court conducted a four-day evidentiary hearing to consider the government's motion.

After holding the evidentiary hearing, the court concluded that Ms. Swartzlander knew or should have known that the wetland restoration project caused permanent

---

[1]    The government does not concede that the restoration project caused erosion on Ms. Swartzlander's property, but for the purpose of this appeal, it has assumed that fact in Ms. Swartzlander's favor. *See* Appellee's Br. 10 n.3.

[2]    Claims brought before the Court of Federal Claims must be "filed within six years after such claim first accrues." 28 U.S.C. § 2501.

erosion on her property at least as early as 2006. *See Decision*, 142 Fed. Cl. at 444–46. Applying the "stabilization doctrine," the court determined that Ms. Swartzlander's claim accrued at least as early as that date. *Id.* at 445–46. Ultimately, because Ms. Swartzlander waited until 2015—more than six years from 2006—to bring her takings claim, the court dismissed the claim as time-barred. *Id.*

Following the dismissal, Ms. Swartzlander appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' decision to dismiss de novo, while we review its jurisdictional findings of fact for clear error. *Banks v. United States*, 314 F.3d 1304, 1307–08 (Fed. Cir. 2003).

When a taking occurs through a gradual physical process, such as erosion, the stabilization doctrine guides the determination of a claim's accrual date. Under the stabilization doctrine, a claim accrues "when the environmental forces have substantially and permanently invaded the private property such that the permanent nature of the taking is evident and the extent of the damage is reasonably foreseeable." *Boling v. United States*, 220 F.3d 1365, 1371 (Fed. Cir. 2000) (internal quotation marks omitted). While "[t]he point at which the erosion damage transitions from 'mere inches' to substantial encroachment is not amenable to precise definition" we have noted that "the key issue" in determining when a claim accrues "is whether the permanent nature of the taking was evident such that the land owner should have known that the land had suffered erosion damage." *Id.* at 1373. Accordingly, "[t]he obligation to sue arises once the permanent nature of the Government action is evident, regardless of whether damages are complete and fully calculable." *Mildenberger v. United States*, 643 F.3d 938, 946 (Fed. Cir. 2011).

If the landowner can show either that the government "concealed its acts with the result that plaintiff was unaware of their existence" or that the injury "was 'inherently unknowable' at the accrual date," a landowner's claim may be temporarily suspended until the landowner becomes aware of the injury. *Banks v. United States*, 741 F.3d 1268, 1279–80 (Fed. Cir. 2014) (quoting *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008)).

## A

On appeal, Ms. Swartzlander contends that "where a government entity sets in motion a process of gradual erosion, that then is dramatically worsened by natural processes—the claim does not accrue (and therefore the limitations clock does not stark ticking) until the dramatic effect is clear to the plaintiff." Appellant's Reply Br. 3. Put another way, Ms. Swartzlander argues that, notwithstanding that she was aware that the wetland restoration project caused erosion to her property, *id.* at 1, her claim did not start accruing until the naturally-occurring high-water event of 2012, which dramatically worsened the erosion on her property.

Ms. Swartzlander's argument, however, is contrary to our case law. As noted above, the key issue for determining when a claim accrues is when the landowner becomes aware of the permanent nature of the taking. The Court of Federal Claims, relying on exhibits and trial transcript, made the factual determination that Ms. Swartzlander knew or should have known of the permanent nature of the erosion at least as early as 2006. *See Decision*, 142 Fed. Cl. at 444–46. Based on the record before us, Ms. Swartzlander has not persuasively demonstrated that the court's fact finding was clearly erroneous.

In addition, this is not a case where the accrual of the claim was suspended. First, this is not a case where in 2006—the time of the accrual date—the erosion was only mere inches. *Compare Boling*, 220 F.3d at 1372–73 (noting

it is "virtually impossible for the landowner to discern that land had been taken when the degree of encroachment was only 'mere inches'") *with* Appellant's Reply Br. 1 (noting that, as of 2006, there was "about 15 to 30 feet" of erosion" to Ms. Swartzlander's property).  Second, this is also not a case where the government's mitigation efforts to counter the erosion to landowner's property concealed the erosion's permanent nature.  *Compare Banks*, 741 F.3d at 1282 (noting that "the Government's mitigation efforts . . . delayed when Appellants knew or should have known they had a claim") *with* Appellant's Reply Br. 3 (noting that, by 2006, the government would not "work with her").  Accordingly, the Court of Federal Claims did not err when it found that the claim should not be suspended.

## IV

We have considered Ms. Swartzlander's other arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Court of Federal Claims' holding that Ms. Swartzlander's takings claim is time-barred.

## AFFIRMED