NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY JOSEPH PODLUCKY, KARLA SUE PODLUCKY,**

*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1319

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01686-RAH, Judge Richard A. Hertling.

---

Decided:  July 26, 2022

---

GREGORY JOSEPH PODLUCKY, Colorado Springs, CO, pro se.

KARLA SUE PODLUCKY, Colorado Springs, CO, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

———————————

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

PER CURIAM.

Gregory Joseph Podlucky and Karla Sue Podlucky appeal a decision of the United States Court of Federal Claims dismissing their complaint for lack of subject-matter jurisdiction. Because the Podluckys did not file their complaint within six years of their claim's accrual, we *affirm*.

## BACKGROUND

This is the second case we have heard this year involving Mr. Podlucky and his jewelry. *Podlucky v. United States*, No. 2021-2226, 2022 WL 1791065 (Fed. Cir. 2022) (non-precedential). We presume familiarity with the earlier case and recite only the facts necessary to resolve this case.

In 2011, Mr. Podlucky pleaded guilty to tax evasion, mail fraud, and conspiracy to commit money laundering. *United States v. Podlucky*, No. CR 09-278, 2021 WL 1124907, at *1 (W.D. Pa. Mar. 24, 2021) (*W.D. Pa. Decision*). As part of his plea agreement, Mr. Podlucky agreed to forfeit "all pieces of gems and jewelry that were seized as evidence during the investigation and are currently in the possession of the United States . . . , *with the exception of certain personal pieces to be agreed upon by the parties.*" *United States v. Podlucky*, No. CR 09-278, 2017 WL 3394142, at *1 (W.D. Pa. Jan. 13, 2017) (emphasis added).

In 2017, Mr. Podlucky sought an order from the district court requiring the government to return certain personal pieces of jewelry. *W.D. Pa. Decision*, 2021 WL 1124907, at *5. The district court denied the request, holding there was not "any meeting of the minds between [Mr. Podlucky] and the Government as to the pieces to be returned." *Id.* The

Third Circuit affirmed. *United States v. Podlucky*, No. 21-2015, 2021 WL 5860751, at \*1 (3d Cir. Aug. 24, 2021)

In 2021, Mr. and Mrs. Podlucky sued the United States in the Court of Federal Claims, alleging that the government's seizure of their jewelry was a taking in violation of the Fifth Amendment. The Court of Federal Claims dismissed for lack of subject-matter jurisdiction. Among other reasons, it explained that the Podluckys' claim was barred by the six-year statute of limitations. *Podlucky v. United States*, No. 21-1686C, 2021 WL 6058874, at \*6 (Fed. Cl. Dec. 22, 2021) (citing 28 U.S.C. § 2501) (*Federal Claims Court Decision*). The Podluckys appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court of Federal Claims did not err. The Podluckys allege that the taking of their jewelry occurred in 2006 and 2007. *Federal Claims Court Decision*, 2021 WL 6058874, at \*6. Yet they did not file their complaint until 2021. A Tucker Act claim must be brought within six years of its accrual. 28 U.S.C. § 2501; *Jones v. United States*, 30 F.4th 1094, 1100 (Fed. Cir. 2022). This requirement is jurisdictional and not subject to equitable tolling. *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citing *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 753–57 (2008)). Because the Podluckys did not file their complaint within six years of the alleged taking, we affirm the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction.

## AFFIRMED

### COSTS

Appellants shall bear costs.